# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON, | CASE NO. 1:09-cv-01264 DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANTS GONZALEZ AND MURRIETA WITHIN TWENTY DAYS |
| v. | |
| L. GONZALEZ, et al., | |
| Defendants. | (Doc. 1) |

_____/

## Screening Order

### I.    Screening Requirement

Plaintiff Anthony Johnson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 21, 2009.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

1

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

2  do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.

3  Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as

4  true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550

5  U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

6  **II.   Plaintiff's Claims**

7        Plaintiff, who is currently housed at California State Prison - Corcoran, brings this action

8  for violation of the Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff

9  names Correctional Officer L. Gonzalez, Correctional Officer A. Murrieta, Licensed Vocational

10  Nurse A. Reed, Sergeant H. Sumaya and Warden Derral Adams as defendants.

11        **A.   Use of Excessive Force and Failure to Protect**

12        Plaintiff alleges that on June 9, 2008, during an escort to his housing unit from the law

13  library, Defendant Gonzalez instructed Plaintiff to walk faster. When Plaintiff informed Defendant

14  Gonzalez that he could not maintain the pace insisted upon by Defendant, Defendant L. Gonzalez

15  slammed Plaintiff to the ground, causing Plaintiff to hit his head. Once on the ground, Plaintiff was

16  struck by Defendants Gonzalez and Murrieta numerous times before Plaintiff lost consciousness.

17  After regaining consciousness, Plaintiff was escorted to the medical clinic for evaluation and

18  treatment by Defendant Reed.

19        **1.   Eighth Amendment**

20        **a.   Defendants Gonzalez and Murrieta**

21        The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments

22  Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992)

23  (citations omitted). For claims of excessive physical force, the issue is "whether force was applied

24  in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

25  Hudson, 503 U.S. at 7. Although de minimis uses of force do not violate the Constitution, the

26  malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless

27  of whether or not significant injury is evident. Id. at 9-10; see also Oliver v. Keller, 289 F.3d 623,

28  628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force,

not de minimis injuries)).

Plaintiff states a cognizable Eighth Amendment claim against Defendants Gonzalez and Murrieta for use of excessive force. Fed. R. Civ. P. 8(a); Hudson, 503 U.S. at 7.

### b.    Defendants Sumaya and Reed

Plaintiff had informed Defendant Sumaya on various occasions prior to the June 9, 2008 incident that Defendant Gonzalez had a disrespectful disposition and acted unprofessionally towards prisoners, including Plaintiff.  Plaintiff had further informed Defendant Sumaya that Defendant Gonzalez had made inflammatory and degrading comments towards Plaintiff during prior escorts, and Plaintiff had asked on several occasions that Defendant Gonzalez be kept away from him. It appears that Plaintiff is attempting to impose liability against Defendant Sumaya for failing to protect him from Defendant Gonzalez.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994).  To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety.  Farmer, 511 U.S. at 834.  The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety."  Id. at 837.

Plaintiff's allegations are insufficient to state a claim against Defendant Sumaya.  Knowledge that Defendant Gonzalez made inflammatory and degrading comments towards Plaintiff, or that Defendant Gonzalez acts disrespectfully or unprofessionally, do not demonstrate that Defendant Sumaya knew that Defendant Gonzalez posed a serious physical threat to Plaintiff and that Defendant

Sumaya disregarded that risk. The facts alleged are insufficient to show that Defendant Sumaya knew of and disregarded an excessive risk of harm to Plaintiff. Id. at 847.

Plaintiff also alleges a violation of the Eighth Amendment based on Defendant Reed's failure to protect him from harm and for use of excessive force. Plaintiff's claims are unsupported by the facts alleged. There is no allegation that Defendant Reed was in any way involved in the use of excessive force against him or that Defendant Reed knew of the risk of attack and failed to protect Plaintiff. Plaintiff's attempts to establish liability against him for failing to protect Plaintiff from harm, or for use of excessive force, fail as a matter of law.

### c.    Defendant Adams

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

In this action, Plaintiff seeks to impose liability on Warden Adams. Plaintiff alleges that Defendant Adams was aware of numerous complaints of staff misconduct and neglected his duty of care. However, Plaintiff's complaint is devoid of any facts showing that Defendant Adams knew of and disregarded an excessive risk to Plaintiff. Defendant Adams' position as warden, alone, does not render him liable for the conduct of his staff, and Plaintiff fails to state a claim against him.

### 2.    Fourteenth Amendment

Plaintiff alleges, without elaboration, that Defendants' actions in using excessive force and in failing to protect him from harm is violative of the Fourteenth Amendment.

"To establish a violation of substantive due process..., a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial

relation to the public health, safety, morals, or general welfare.  Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims."  Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), cert. denied, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ."  Patel, 103 F.3d at 874.  Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's claims of excessive force and failure to protect.

## B.   Fourteenth Amendment - Conspiracy to Obstruct Justice

Plaintiff also alleges that Defendants Gonzalez, Murrieta, and Reed are conspiring to conceal the extent and seriousness of their misconduct. Plaintiff alleges that Defendant Reed deliberately failed to fully document Plaintiff's injuries and Defendants Gonzalez and Murrieta intentionally filed a false and misleading incident report.  Plaintiff alleges that their actions in preparing fraudulent and misleading reports violates the Fourteenth Amendment.  The Court analyzes Plaintiff's claim under both the procedural and substantive components of the Due Process Clause.[1]

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Plaintiff has not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process.

" To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to

---

[1] To the extent that Plaintiff is pleading a conspiracy claim under section 1983, such a claim requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).  In this case, the facts as pled do not permit the Court to infer more than a mere possibility of a conspiracy and thus do not give rise to an entitlement to relief. Iqbal at 1949.

prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.  Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims."  Patel, 103 F.3d at 874 (citations, internal quotations, and brackets omitted); County of Sacramento, 523 U.S. at 842.  Plaintiff has not alleged any facts that would support a claim that his rights under the Fourteenth Amendment were infringed.

### C.    Declaratory Relief

In addition to money damages and injunctive relief, Plaintiff seeks a declaration that his rights were violated.  "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest."  Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."  United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated.  Accordingly, a declaration that Defendants Gonzalez and Murrieta violated Plaintiff's rights is unnecessary.

### III.   Conclusion and Order

Plaintiff's complaint states a claim against Defendants Gonzalez and Murrieta for use of excessive force in violation of the Eighth Amendment.  However, Plaintiff fails to state any viable Fourteenth Amendment claims, and his allegations do not support claims against Defendants Reed, Sumaya or Adams.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Gonzalez and Murrieta, Plaintiff may so notify the Court in writing, and his other

claims will be dismissed for failure to state a claim. Plaintiff will then be provided with two summonses and two USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Gonzalez and Murrieta.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Within **twenty (20) days** from the date of service of this order, Plaintiff must either:

    a.    File an amended complaint curing the deficiencies identified by the Court in this order, or

    b.    Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendants Gonzalez and Murrieta; and

3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    November 12, 2009**          **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE