UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON, | CASE NO. 1:09-cv-01264-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| L. GONZALEZ, et al., | (Docs. 1, 8, 12) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

**Findings and Recommendations Following Screening**

**I.     Screening Requirement**

Plaintiff Anthony Johnson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 21, 2009.  On November 13, 2009, the Court screened Plaintiff's complaint and found that it stated cognizable claims against Defendants Gonzalez and Murrieta for use of excessive force in violation of the Eighth Amendment.  However, Plaintiff failed to state any viable Fourteenth Amendment claims, and his allegations did not support claims against Defendants Reed, Sumaya or Adams.  Plaintiff was ordered either to file an amended complaint curing the deficiencies identified, or notify the Court of his willingness to proceed only against Defendants Gonzalez and Murrieta.  On November 25, 2009, Plaintiff filed notice with the Court that he did not wish to file an amended complaint and was willing to proceed only against Defendants Gonzalez and Murrieta.  Accordingly, the Court issues the following Findings and Recommendations.

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

## II.     Plaintiff's Claims

Plaintiff, who is currently housed at California State Prison - Corcoran, brings this action for violation of the Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff names Correctional Officer L. Gonzalez, Correctional Officer A. Murrieta, Licensed Vocational Nurse A. Reed, Sergeant H. Sumaya and Warden Derral Adams as defendants.

### A.     Use of Excessive Force and Failure to Protect

Plaintiff alleges that on June 9, 2008, during an escort to his housing unit from the law library, Defendant Gonzalez instructed Plaintiff to walk faster. When Plaintiff informed Defendant Gonzalez that he could not maintain the pace insisted upon by Defendant, Defendant L. Gonzalez slammed Plaintiff to the ground, causing Plaintiff to hit his head. Once on the ground, Plaintiff was struck by Defendants Gonzalez and Murrieta numerous times before Plaintiff lost consciousness. After regaining consciousness, Plaintiff was escorted to the medical

2

clinic for evaluation and treatment by Defendant Reed.

### 1. Eighth Amendment

#### a. Defendants Gonzalez and Murrieta

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Id. at 9-10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff states a cognizable Eighth Amendment claim against Defendants Gonzalez and Murrieta for use of excessive force. Fed. R. Civ. P. 8(a); Hudson, 503 U.S. at 7.

#### b. Defendants Sumaya and Reed

Plaintiff had informed Defendant Sumaya on various occasions prior to the June 9, 2008 incident that Defendant Gonzalez had a disrespectful disposition and acted unprofessionally towards prisoners, including Plaintiff. Plaintiff had further informed Defendant Sumaya that Defendant Gonzalez had made inflammatory and degrading comments towards Plaintiff during prior escorts, and Plaintiff had asked on several occasions that Defendant Gonzalez be kept away from him. It appears that Plaintiff is attempting to impose liability against Defendant Sumaya for failing to protect him from Defendant Gonzalez.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to

protect inmates from physical abuse.  Hoptowit, 682 F.2d at 1250; Farmer v. Brennan, 511 U.S. 825, 833 (1994).  To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety. Farmer, 511 U.S. at 834.  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . ."  Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety."  Id. at 837.

      Plaintiff's allegations are insufficient to state a claim against Defendant Sumaya. Knowledge that Defendant Gonzalez made inflammatory and degrading comments towards Plaintiff, or that Defendant Gonzalez acts disrespectfully or unprofessionally, do not demonstrate that Defendant Sumaya knew that Defendant Gonzalez posed a serious physical threat to Plaintiff and that Defendant Sumaya disregarded that risk.  The facts alleged are insufficient to show that Defendant Sumaya knew of and disregarded an excessive risk of harm to Plaintiff.  Id. at 847.

      Plaintiff also alleges a violation of the Eighth Amendment based on Defendant Reed's failure to protect him from harm and for use of excessive force.  Plaintiff's claims are unsupported by the facts alleged.  There is no allegation that Defendant Reed was in any way involved in the use of excessive force against him or that Defendant Reed knew of the risk of attack and failed to protect Plaintiff.  Plaintiff's attempts to establish liability against him for failing to protect Plaintiff from harm, or for use of excessive force, fail as a matter of law.

      **c.    Defendant Adams**

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added).  The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  Iqbal, 129 S. Ct at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  Id. at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions,

4

violated Plaintiff's constitutional rights.  Id. at 1948-49.

In this action, Plaintiff seeks to impose liability on Warden Adams.  Plaintiff alleges that Defendant Adams was aware of numerous complaints of staff misconduct and neglected his duty of care.  However, Plaintiff's complaint is devoid of any facts showing that Defendant Adams knew of and disregarded an excessive risk to Plaintiff.  Defendant Adams' position as warden, alone, does not render him liable for the conduct of his staff, and Plaintiff fails to state a claim against him.

### 2.  Fourteenth Amendment

Plaintiff alleges, without elaboration, that Defendants' actions in using excessive force and in failing to protect him from harm is violative of the Fourteenth Amendment.

"To establish a violation of substantive due process..., a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.  Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims."  Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ."  Patel, 103 F.3d at 874.  Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's claims of excessive force and  failure to protect.

### B.  Fourteenth Amendment - Conspiracy to Obstruct Justice

Plaintiff also alleges that Defendants Gonzalez, Murrieta, and Reed are conspiring to conceal the extent and seriousness of their misconduct. Plaintiff alleges that Defendant Reed deliberately failed to fully document Plaintiff's injuries and Defendants Gonzalez and Murrieta intentionally filed a false and misleading incident report.  Plaintiff alleges that their actions in preparing fraudulent and misleading reports violates the Fourteenth Amendment.  The Court

5

analyzes Plaintiff's claim under both the procedural and substantive components of the Due Process Clause.[1]

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Plaintiff has not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process.

 "To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.  Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims."  Patel, 103 F.3d at 874 (citations, internal quotations, and brackets omitted); County of Sacramento, 523 U.S. at 842.  Plaintiff has not alleged any facts that would support a claim that his rights under the Fourteenth Amendment were infringed.

**C.    Declaratory Relief**

In addition to money damages and injunctive relief, Plaintiff seeks a declaration that his rights were violated.  "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest."  Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the

---

[1] To the extent that Plaintiff is pleading a conspiracy claim under section 1983, such a claim requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'"  Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).  In this case, the facts as pled do not permit the Court to infer more than a mere possibility of a conspiracy and thus do not give rise to an entitlement to relief.  Iqbal, 129 S. Ct. at 1949.

1 parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).  In the event that
2 this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a
3 finding that Plaintiff's constitutional rights were violated.  Accordingly, a declaration that
4 Defendants Gonzalez and Murrieta violated Plaintiff's rights is unnecessary.

5 **III.     Conclusion and Recommendation**

6          Plaintiff's complaint states a claim against Defendants Gonzalez and Murrieta for use of
7 excessive force in violation of the Eighth Amendment.  However, Plaintiff fails to state any
8 viable Fourteenth Amendment claims, and his allegations do not support claims against
9 Defendants Reed, Sumaya or Adams.  Plaintiff was provided an opportunity to file an amended
10 complaint curing the deficiencies identified herein, but declined.  Further leave to amend will not
11 be granted at this time.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

12         Based on the foregoing, it is HEREBY RECOMMENDED that:

13     1.     This action proceed on Plaintiff's complaint, filed July 21, 2009, against
14            Defendants Gonzalez and Murrieta for use of excessive force in violation of the
15            Eighth Amendment; and

16     2.     Plaintiff's Fourteenth Amendment claims, and Defendants Reed, Sumaya, and
17            Adams be dismissed from this action for failure to state a claim upon which relief
18            may be granted.

19         These Findings and Recommendations will be submitted to the United States District
20 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within
21 **thirty (30) days** after being served with these Findings and Recommendations, the plaintiff may
22 file written objections with the Court.  The document should be captioned "Objections to
23 Magistrate Judge's Findings and Recommendations."  The plaintiff is advised that failure to file
24 objections within the specified time may waive the right to appeal the District Court's order.
25 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

26         IT IS SO ORDERED.

27         Dated:   **March 24, 2010**              **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE
28