# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>L. GONZALEZ, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-01264-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. #32)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

　　　　Plaintiff Anthony Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 12, 2011, Plaintiff filed a motion requesting the Court to order officials in the prison law library to provide Plaintiff with more than 100 pages of photocopies. (Doc. #32.) The Court construes Plaintiff's motion as a request for preliminary injunctive relief.

　　　　The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

///

1    "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be
2    granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion."  <u>Mazurek v.
3    Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A
4    party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by
5    evidence.  With respect to motions for preliminary injunctive relief or a temporary restraining order,
6    the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

11   18 U.S.C. § 3626(a)(2).

12         Plaintiff seeks a court order requiring the prison law library to provide Plaintiff with more
13   than 100 pages of photocopied documents.  Plaintiff contends that the prison law library does not
14   provide copies of legal documents that are more than 100 pages long and that he cannot file his
15   motion to compel unless he is provided with more than 100 pages of photocopied documents.

16         Plaintiff fails to explain why he is unable to obtain the copies he seeks by submitting his
17   requests for copies in batches of less than 100 pages.  The exhibit attached to his motion indicates
18   that his request to obtain copies of 172 pages was denied.  He may be able to obtain the copies by
19   submitting an initial request for the first 100 pages and a subsequent request for the last 72 pages.
20   Plaintiff also fails to describe any attempts to obtain the copies he seeks by employing a copying
21   service outside the prison.  Based on these deficiencies, the Court cannot find that the relief
22   requested is narrowly drawn and extends no further than necessary to correct the harm that requires
23   preliminary relief.

24         Further, the relief sought is presumably against prison officials who are not parties to this
25   action.  "A federal court may issue an injunction if it has personal jurisdiction over the parties and
26   subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not
27   before the court."  <u>Zepeda v. U.S. I.N.S.</u>, 753 F.2d 719, 727 (9th Cir. 1983).  Federal Rule of Civil
28   Procedure 65(d)(2) states that an order granting preliminary injunctive relief only binds the parties,

the parties' officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with the aforementioned persons.  Plaintiff has not suggested that the defendants in this action are the prison officials in charge of providing photocopies, or that the prison officials in charge of providing photocopies are officers, agents, servants, employees, or attorneys working for defendants.  Plaintiff has not demonstrated that this Court has the authority to order prison officials to photocopy more than 100 pages of documents for him.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's request for preliminary injunctive relief be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 18, 2011**              /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE