# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON, | CASE NO. 1:09-cv-01264-AWI-SKO PC |
| Plaintiff, | ORDER DENYING MOTIONS TO COMPEL |
| v. | (Docs. 36, 37, 38, 39, 40, 41, 42, 43) |
| L. GONZALEZ, et al., | |
| Defendants. | |

Plaintiff Anthony Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are several motions to compel from Plaintiff. (Docs. #36-43.)

**I.    Discussion**

    **A.    Motions to Compel Filed on January 27, 2011**

On January 27, 2011, Plaintiff filed several motions to compel Defendants to provide further responses to Plaintiff's interrogatories, requests for admission, and requests for production of documents. Plaintiff contends that Defendants did not provide responses to some requests and the other responses were evasive, vague, incomplete, or repetitive.

The Court will deny Plaintiff's motions. Plaintiff's motions fail to explain or elaborate on how each interrogatory, request for admission, or request for production of document was evasive, vague, incomplete, repetitive or otherwise improper. Plaintiff's motions merely set forth general or boilerplate arguments regarding relevance, privileges, vagueness, ambiguity, breadth, and undue

///

1  burden.  Plaintiff fails to explain how any of these arguments applies to the specific discovery
2  requests propounded by Plaintiff or the specific objections raised by Defendants.
3      The vague and generalized nature of Plaintiff's motions is apparent by the fact that Plaintiff
4  used the same boilerplate form document in all his motions.  Plaintiff merely erased the irrelevant
5  portions of the form document and filled in the blanks with information such as Plaintiff's name,
6  Defendants' names, the name of the judge presiding over this action, the case number, and the dates
7  certain requests or responses were filed.  Plaintiff's motion is simply a document setting forth the
8  legal standards for discovery requests and contains no analysis pertinent to the facts specific to this
9  litigation.
10     It is Plaintiff's burden on his motion to compel to demonstrate why Defendants' objections
11 are not justified.  Ordinarily, Plaintiff must inform the Court which specific discovery requests are
12 the subject of his motion to compel and for each disputed response, inform the Court why the
13 information sought is relevant and why Defendants' objections are not justified.  Plaintiff cannot
14 prevail by filing a motion to compel that simply says that all his requests are relevant and all
15 Defendants' objections are not justified.  The Court will not comb through each and every discovery
16 request and response to determine whether the requests are relevant or whether Defendants'
17 objections are proper.  Accordingly, Plaintiff's motions to compel will be denied.
18     Although the deadline for filing motions to compel has passed, the Court will provide
19 Plaintiff with an opportunity to file proper motions to compel regarding his first set of
20 interrogatories, requests for admission, and requests for production of documents.  Plaintiff may not
21 use this extension of time to file new discovery requests or file new motions to compel on issues not
22 addressed in the motions filed on January 27, 2011.  Plaintiff's amended motions to compel must
23 address each discovery request individually by (1) reproducing the request propounded by Plaintiff,
24 (2) reproducing the response from Defendants, (3) demonstrating how the request is relevant, and
25 (4) demonstrating how each objection was improper.  Plaintiff must file any amended motion to
26 compel within thirty (30) days of the date of service of this order.  No extensions of time will be
27 granted beyond the thirty (30) day deadline.
28 ///

1       **B.    Motions to Compel Filed on February 10, 2011**

2       Plaintiff has also filed three motions to compel Defendants to file responses to Plaintiff's
3   second set of interrogatories, requests for admission, and requests for production of documents.
4   (Doc. #41-43.) Plaintiff argues that the discovery requests were propounded on December 20, 2010.
5   Defendants informed Plaintiff on January 25, 2011, that no responses were forthcoming because the
6   requests were untimely. Defendants argued that the requests must be served at least forty-five (45)
7   days before the discovery deadline. Plaintiff contends that the requests were timely because they
8   need only be served within 30 days of the discovery deadline. Plaintiff contends that the default
9   deadline set by the Federal Rules of Civil Procedure for responding to discovery requests is 30 days,
10  unless otherwise ordered by the Court.

11      Plaintiff argues that this Court's discovery and scheduling order "does not stipulate any
12  specific amount of days [for responding to interrogatories], so therefore Plaintiff must adhere to the
13  Federal Rules of Civil Procedure for guidance in this manner." (Notice of Mot. to Compel
14  Responses to Interrogatories Set Two 2, ECF No. 41.) Plaintiff's assertion is incorrect.

15      In the Court's May 25, 2010, discovery and scheduling order, the Court explicitly stated that
16  "[r]esponses to written discovery requests shall be due forty-five (45) days after the request is first
17  served" and "[t]o ensure that the responding party has forty-five (45) days after the request is first
18  served to respond, <u>discovery requests must be served at least forty-five (45) days before the</u>
19  <u>discovery deadline.</u>" (Discovery Order / Scheduling Order ¶ 2-3, ECF No. 19.) The deadline for
20  conducting discovery in this manner was January 25, 2011. Therefore, Plaintiff's discovery requests
21  propounded on December 20, 2010, were untimely. The Court will not compel Defendants to
22  provide any further responses to those requests.

23  **II.    Conclusion and Order**

24      Based on the foregoing, it is HEREBY ORDERED that:

25      1.    Plaintiff's motions to compel are DENIED; and

26  ///

27  ///

28  ///

2. If Plaintiff wishes to file amended motions to compel, any such motion must be filed within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

**Dated:   February 23, 2011**                     /s/ Sheila K. Oberto
                                                                  UNITED STATES MAGISTRATE JUDGE