# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ANTHONY JOHNSON,

              Plaintiff,

    v.

L. GONZALEZ, et al.,

              Defendants.

_____/

CASE NO. 1:09-cv–01264-AWI-SMS PC

FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

(ECF Nos. 56, 61, 66)

OBJECTIONS DUE WITHIN THIRTY DAYS

## I.    Procedural History

Plaintiff Anthony Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the complaint filed July 21, 2009, against Defendants L. Gonzales[1] and A. Murrieta for excessive force in violation of the Eighth Amendment. (ECF No. 1.) On March 30, 2011, Defendants filed a motion for summary judgment.  (ECF No. 56.)  Plaintiff filed an opposition on April 14, 2011, and Defendants filed a reply on April 18, 2011.[2]  (ECF Nos. 61, 66.)

## II.    Summary Judgment Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party

---

[1]The Court will refer to Defendant as Gonzales, the spelling used in Defendants' motion.

[2]Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the second informational order filed April 7, 2010.  Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).  (ECF No. 16.)

1

is entitled to judgment as a matter of law.  Summary judgment must be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  However, the court is to liberally construe the filings and motions of pro se litigants.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010.)  The "party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex, 477 U.S. at 323 (quoting Rule 56(c) of the Federal Rules of Civil Procedure).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.

The parties bear the burden of supporting their motions and oppositions with the papers they wish the Court to consider and/or by specifically referencing any other portions of the record for consideration.  Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). The Court will not undertake to mine the record for triable issues of fact.  Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1017 (9th Cir. 2010).

**III.   Plaintiff's Allegations**

On June 9, 2008, Defendants Gonzales and Murrieta were escorting Plaintiff back to his cell from the law library.  (Comp. ¶¶ 7, 13, ECF 1.)  Defendants were trying to engage Plaintiff in conversation, making threats, and using profanity.  (Id., ¶ 13.)  Defendant Gonzales began pulling on Plaintiff's left arm, telling him to speed up and walk faster.  (Id., ¶ 14.)  Plaintiff's hands were handcuffed behind his back and he was holding his legal mail.  Plaintiff responded that he could not

go any faster and that he was losing his grip on the envelope he was holding because Defendant Gonzales was pulling on his arm.  (Id., ¶ 15.)  Defendant Gonzales slammed Plaintiff to the ground with enough force that "Plaintiff's head was busted."  (Id., ¶ 17.)  Plaintiff was struck by Defendants Gonzales and Murrieta numerous times before losing consciousness.  (Id., ¶ 18.)  When Plaintiff regained consciousness, Correctional Officers Beltran and Blevins escorted him to the medical clinic for evaluation and treatment.  (Id., ¶ 20.)

**IV.**   **Undisputed Facts[3]**

1.    Defendant Gonzales is a correctional officer employed by the California Department of Corrections and Rehabilitation ("CDCR") at the California State Prison - Corcoran ("CSP - Corcoran").

2.    Defendant Murrieta is a correctional officer employed by the CDCR at CSP - Corcoran.

3.    In June 2008, Defendants Gonzales and Murrieta were working as escort officers in the security housing unit (SHU) at CSP - Corcoran.

4.    One of the duties of an escort officer was to escort inmates housed in the SHU when ever they go outside their cells.

5.    Escorts were generally performed by two officers.

6.    The standard procedure, under such circumstances, was for one officer to walk on either side of the inmate.

7.    The practice was for the officers to generally stay within arms length of the inmate, with at least one officer keeping his hand on one of the inmate's arms at all times.

8.    During the escort, the inmate was to remain facing forward.

9.    From that position, the inmate posed the least physical threat to the escorting officers.

10.    These security measures were necessary because the SHU was used to house inmates whose conduct in the prison had been found to endanger the safety of others or the security of the institution.

---

[3]Since Plaintiff did not address Defendants' statement of undisputed facts, the Court compiled the statement of undisputed facts from Defendant's statement of undisputed facts, Plaintiff's opposition, and Plaintiff's complaint.

11.    Plaintiff was one of the inmates housed in the SHU at CSP - Corcoran during Defendant Gonzales and Murrieta's time as escort officers.

12.    On June 9, 2008, Defendants Murrieta and Gonzales were escorting Plaintiff back to his housing unit from the law library.

13.    Defendant Gonzales was positioned on Plaintiff's left and Defendant Murrieta was positioned on his right.

14.    With his right hand, Defendant Gonzales was holding Plaintiff's left forearm.

15.    During the course of the escort, Plaintiff turned his head and shoulder towards Defendant Murrieta.

16.    In an apparent reference to Defendant Gonzales, Plaintiff said to Defendant Murrieta, "Hey cuz, he keeps grabbing my arm" and "you're going to have to take me down."

17.    In response to this statement by Plaintiff, Defendant Gonzales gave Plaintiff an order to face forward and not to turn his shoulder.

18.    Plaintiff responded to this order by turning towards Defendant Gonzales in a threatening manner.

19.    Plaintiff twisted his upper body as if he was trying to break the grip Defendant Gonzales had on his left forearm.

20.    Plaintiff then stepped towards Defendant Gonzales and hit Defendant Gonzales' chest area with his own chest.

21.    Once other staff arrived, Defendant Gonzales and Murrieta were relieved.

22.    After being relieved, Defendant Gonzales proceeded to the medical clinic and was seen by LVN Reed and he reported having suffered a sprained left wrist and injured index finger during the incident with Plaintiff.

23.    Medical staff found that Defendant Gonzales was suffering from pain in his left index finger.

24.    After the incident Plaintiff was seen by medical staff and found to have an abrasion/scratch on his right forehead, right cheek, and on the front of both knees.

25.    Medical staff cleared Plaintiff to go back to his building.

26.   Based on the events of June 9, 2008, Plaintiff entered a plea to guilty to the criminal offense of battery on a non-prisoner by a prisoner, Cal. Penal Code § 4501.5, and was sentenced to four additional years in state prison.

## V.   Excessive Force

### A.   Legal Standard

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. Hudson, 503 U.S. at 7.

A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010). However, "[n]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action." Gaddy, 130 S. Ct. at 1179 (quoting Hudson, 503 U.S. at 9). Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." Whitley, 475 U.S. at 321; Marquez v. Gutierrez, 322 F.3d 689, 692 (9th Cir. 2003). Although the extent of the injury is relevant, the inmate does not need to sustain serious injury. Hudson, 503 U.S. at 7; Wilkins, 130 S. Ct. at 1178-79. The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition de minimus uses of physical force. Hudson, 503 U.S. at 9-10.

### B.   Discussion

Defendants argue that there is no evidence that they subjected Plaintiff to excessive force. On June 9, 2008, Defendants Gonzales and Murrieta were escorting Plaintiff from the law library back to his housing unit. (Undisputed Fact ("UF") 9.) During the escort of Plaintiff, Defendant

Gonzales was on the left side of Plaintiff and Defendant Murrieta was on the right side. (UF 13.) Defendant Gonzales was holding Plaintiff's left forearm. (UF 14.) Plaintiff turned to Defendant Murrieta and said, "[H]ey cuz, he keeps grabbing my arm" and you're going to have to take me down." (UF 16.) Defendant Gonzales told Plaintiff to face forward and not to turn his shoulder. (UF 17.) Plaintiff turned toward Defendant Gonzales and twisted his upper body as if trying to break the grip Defendant Gonzales had on his forearm. (UF 19.) Plaintiff then stepped toward Defendant Gonzales and hit Defendant Gonzales in the chest with his chest. (UF 20.)

As Defendant Gonzales attempted to use Plaintiff's momentum to take him to the ground, he slipped on the gravel and both men went down to the ground. (Gonzales' Declaration, ¶ 5.) Once on the ground, Plaintiff began to wiggle his upper body and kick his legs. (Id., ¶ 6; Murrieta's Declaration, ¶ 5.) Defendant Gonzales kept control of Plaintiff by placing his left hand on Plaintiff's shoulder and his right hand on Plaintiff's back until other staff arrived. (Gonzales' Declaration, ¶ 6.) Defendant Murrieta maintained control of Plaintiff's lower body by placing his knee on Plaintiff's legs, while Defendant Gonzales maintained control of Plaintiff's upper body. (Murrieta's Declaration, ¶ 5.) After the incident was over Defendant Gonzales was seen by the medical unit because he had received scrapes on his left wrist, fingers, and arm, and left arm. (Gonzales' Declaration, ¶ 7.) Based upon this incident, Plaintiff was convicted of a violation of California Penal Code Section 4501.5, Assault by a Prisoner on a Non Prisoner, and sentenced to an additional four years in prison. (UF 26.) Additionally, Defendants argue that Plaintiff never responded to Defendants' requests for admissions and they are therefore admitted. Based upon the admissions that Defendants did not subject Plaintiff to excessive force, Defendants are entitled to summary judgment.

The Court finds that Defendants have met their initial burden of informing the Court of the basis for their motion, and identifying those portions of the record which they believe demonstrate the absence of a genuine issue of material fact. The burden therefore shifts to Plaintiff to establish that a genuine issue as to any material fact actually does exist. See Matsushita., 475 U.S. at 586 (1986).

Plaintiff requests the Court deny the motion for summary judgment because he was brutally

beaten and punched in the face by Defendants Gonzales and Murrieta.  (Opp. 2, ECF No. 61.)

Defendant Gonzales' medical reports showed no visible injuries, just that he complained of pain to

his left wrist and index finger.  (Id. 4.)  Defendant Gonzales said that he allowed Plaintiff to walk

toward him and bump Defendant Gonzales in the chest and Defendant Murrieta made the

unbelievable statement that he did not see the assault because he was watching Plaintiff's feet to

make sure he did not try to kick.  (Id. 5.)  Plaintiff was not convicted of any charge in connection

with Defendant Gonzales.  (Id. 5-6.)

    Additionally, Plaintiff argues that he did sustain injuries to both knees, his right cheek and

forehead.  Inmate Mario Madrid observed Defendant Gonzales swinging his arms in a punching

motion toward Plaintiff.[4]  (Id. 6.)  To beat down an inmate who has his hands cuffed behind his back

because he bumped you without causing any injuries is reckless and evil.  (Id. 7.)  The officers had

the upper hand and control of Plaintiff.  Plaintiff requests that Court deny Defendants' motion of

summary judgment because they beat him while he was handcuffed and unable to cause them harm.

(Id. 9.)

    Defendants reply that Plaintiff failed to comply with Local Rule 260(b) and therefore, based

on their statement of undisputed facts, the motion should be granted.  Additionally, Plaintiff failed

to respond to their requests for admission and did not address the failure to respond in his opposition.

The motion should be granted because Plaintiff has admitted that no excessive force was used and

his rights were not violated.

    Plaintiff complains that Defendant Murrieta's statement that he did not see Plaintiff bump

chests with Defendant Gonzales because he was looking at Plaintiff's feet is unbelievable.  However,

Plaintiff takes this one sentence out of context.  Defendant Murrieta did not make this statement

regarding the initial contact between Plaintiff and Defendant Gonzales.  Defendant Murrieta

submitted a report to clarify the statement.  Once on the ground, Plaintiff began to kick and twist his

---

[4]Plaintiff submits an affidavit of Mario Richard Madrid.  Inmate Madrid states that he was on the yard and heard a commotion.  He saw two officers swinging their arms as if punching an inmate who was on the ground.  He was at a distance so did not see who was involved and could not tell if the inmate was hit during the incident.  (Opp., Exh. B, ECF No. 62.)  While Plaintiff argues this proves the force was excessive, the affidavit is of little probative value.  The inmate did not observe anything that led up to the time the parties were on the ground and he was unable to see anything other than the officers arms moving.

body, and Defendant Murrieta maintained control of his lower body by placing his knee on Plaintiff's legs. (Murrieta's Declararion, ¶ 5.) While the three of them were on the ground, Defendant Murrieta was holding Plaintiff's legs and facing away from Defendant Gonzales.  Since Defendant Murrieta was facing the opposite direction he did not see what was occurring between Defendant Gonzales and Plaintiff while they were on the ground.  (Opp. 40, ECF No. 61.)  In this situation it is not "unbelievable" that Defendant Murrieta did not see what was occurring between Defendant Gonzales and Plaintiff.

Plaintiff alleges that his head was "busted" when he was taken to the ground by the officers and he was brutally beaten and punched in the face.  However, the medical records show that Plaintiff suffered abrasions to his right forehead and right check and both knees. (UF 24.) Plaintiff's injuries are consistent with Defendant Gonzales claim that he held Plaintiff down while waiting for responding officers to arrive.  (Gonzales Declaration, ¶ 6.)  Additionally, Plaintiff states that Defendant Gonzales did not have any visible injuries, but the medical records show that he was complaining of a sprained wrist and injured finger following the incident.  (UF 22, 23.)

Plaintiff does not dispute that he stepped toward Defendant Gonzales and bumped chests with him.  He argues that the force used in response was unreasonable as he was handcuffed and the officers were in control.  Where Plaintiff has initiated physical contact with the correctional officer, Defendants Gonzales and Murrieta would be entitled to apply force to maintain or restore discipline. Hudson, 503 U.S. at 7.  The officer does not have to wait until he is injured or at risk of serious injury to respond.  While Plaintiff argues that the criminal charges against him in relation to Defendant Gonzales were dropped, Plaintiff pled guilty to a violation of California Penal Code Section 4501.5, battery on Defendant Murrieta, that arose out of this incident.  (UF 26.)  Since Defendants are entitled to use force, the question is whether the force used was excessive.

Under the Federal Rules a party's failure to respond to requests for admission admits the truth of all matters contained within the request. O'Campo v. Hardisty, 262 F.2d 621, 623 (9th Cir. 1958). A party can be asked to admit mixed questions of law and fact.  Marchand v. Mercy Medical Center, 22 F.3d 933, 937 n.4 (9th Cir. 1994).  Once deemed admitted, "the matter 'is conclusively established unless the court on motion permits withdrawal or amendment of the admission.'"

1  Conlon v. U. S., 474 F.3d 616, 621 (9th Cir. 2007) (quoting Fed. R. Civ. Proc. 36(b)).  Unanswered

2  admissions may be relied upon in granting summary judgment.  Conlon, 474 F.3d at 621.

3        By failing to respond to Defendants requests for admissions, Plaintiff has conclusively

4  established that Defendants did not subject him to excessive force. (Declaration of Matthew Wilson,

5  Exhibits A, B.)  Because Plaintiff has admitted that the force used was not excessive, he fails to

6  establish the existence of an element essential to his case.  Celotex Corp., 477 U.S. at 322.  Since

7  no genuine issue as to any material fact exists, the Court finds that Defendants Gonzales and

8  Murrieta are entitled to summary adjudication on Plaintiff's claim against them.

9  **VI.**   **Qualified Immunity**

10        Defendants' final argument is that they are entitled to qualified immunity.  Because the Court

11  recommends granting Defendants' motion based on the foregoing analysis, the Court does not reach

12  Defendants' argument that they are entitled to qualified immunity.

13  **VII.**   **Conclusion and Recommendation**

14        The Court finds that Defendants Gonzales and Murrieta are entitled to judgment as a matter

15  of law on Plaintiff's claims that they used excessive force in violation of the Eighth Amendment.

16  Accordingly, it is HEREBY RECOMMENDED that Defendants' motion for summary judgment,

17  filed March 30, 2011, be GRANTED.

18        These findings and recommendations will be submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)

20  days after being served with these findings and recommendations, the parties may file written

21  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

22  Findings and Recommendations."  The parties are advised that failure to file objections within the

23  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

24  1153 (9th Cir. 1991).

25  IT IS SO ORDERED.

26  **Dated:**   **June 3, 2011**                **/s/ Sandra M. Snyder**

                                      UNITED STATES MAGISTRATE JUDGE

27

28