UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. GONZALEZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:09-cv-01264-AWI-BAM PC<br><br>ORDER VACATING ENTRY OF JUDGMENT AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF Nos. 77, 78)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO WITHDRAW HIS ADMISSIONS (ECF No. 71)<br><br>ORDER EXTENDING DISPOSITIVE MOTION DEADLINE |

**I.    Background**

Plaintiff Anthony Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint, filed on July 21, 2009, against Defendants L. Gonzalez and A. Murrieta for excessive force in violation of the Eighth Amendment. On March 30, 2011, Defendants filed a motion for summary judgment. On June 6, 2011, the then-assigned Magistrate Judge recommended that Defendants'

//

1

1  motion for summary judgment be granted, relying in part on Plaintiff's unanswered admissions.  (ECF
2  No. 70.)  Plaintiff filed objections to the findings and recommendations, along with a request that the
3  Court allow him to amend or to withdraw his admissions pursuant to Federal Rule of Civil Procedure
4  36.  (ECF No. 71.)  On January 9, 2012, the Court adopted the findings and recommendations and
5  granted summary judgment in favor of defendants.  (ECF No. 77.)  On that same day, the Clerk of the
6  Court entered judgment in favor of Defendants.  (ECF No. 78.)  Plaintiff appealed.  (ECF No. 83.)
7          On May 23, 2013, the Ninth Circuit Court of Appeals issued a memorandum finding that the
8  District Court abused its discretion in declining to consider Plaintiff's request to amend or withdraw
9  his admissions under Federal Rule of Civil Procedure 36(b).  The Ninth Circuit determined that if
10 Plaintiff's request had been granted, it would have defeated summary judgment.  Accordingly, the
11 Ninth Circuit reversed this Court's grant of summary judgment and remanded the matter.  (ECF No.
12 87.)  The Ninth Circuit issued its formal mandate on June 18, 2013.  (ECF No. 88.)
13         Based on the Ninth Circuit's reversal and remand, the Court's order granting summary
14 judgment and the entry of judgment, both dated January 9, 2012, will be vacated.  The Court now
15 turns its consideration to Plaintiff's request to withdraw or amend his admissions.
16         Federal Rule of Civil Procedure 36(a) states that a matter is admitted "unless, within 30 days
17 after being served, the party to whom the request is directed serves . . . a written answer or objection."
18 Fed. R. Civ. P. 36(a).  Once admitted, the matter is "conclusively established unless the court, on
19 motion, permits the admission to be withdrawn or admitted" pursuant to Rule 36(b).  Fed. R. Civ. P.
20 36(b). Plaintiff seeks to withdraw or amend his admissions pursuant to Rule 36(b), explaining that if
21 he had received timely requests for admissions, he would have responded with denials.
22         Rule 36(b) states, in relevant part:

> [T]he court may permit withdrawal or amendment if it would promote the presentation of
> the merits of the action and if the court is not persuaded that it would prejudice the
> requesting party in maintaining or defending the action on the merits.

Id.

         District courts are permitted "to exercise [their] discretion to grant relief from an admission

1 made under Rule 36(a) only when (1) the presentation of the merits of the action will be subserved, 2 and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment 3 will prejudice that party in maintaining the action or defense on the merits." Conlon v. U.S., 474 F.3d 4 616, 621 (9th Cir.2007) (internal quotation marks and citations omitted). Both prongs of this test must 5 be considered in resolving a motion to withdraw admissions. Id. at 622.

6 "'The first half of the test in Rule 36(b) is satisfied when upholding the admissions would 7 practically eliminate any presentation of the merits of the case.'" Id. (quoting Hadley v. United States, 8 45 F.3d 1345, 1348 (1995)). The Ninth Circuit concluded that, Plaintiff's Rule 36(b) request, if 9 granted, would have defeated summary judgment. In other words, the motion for summary judgment 10 turned on Plaintiff's admissions. Therefore, the Court finds that withdrawal of the admissions "would 11 promote the presentation of the merits of the action." Fed. R. Civ. P. 36(b); Conlon, 474 F.3d at 621-12 22.

13 As to the second half of this test, the Court focuses on "the prejudice that the non-moving party 14 would suffer at trial." Conlon, 474 F.3d at 623. In light of Plaintiff's pro se prisoner status, the Court 15 finds that Defendants will not be prejudiced in maintaining or defending the action on the merits or at 16 trial.

17 Accordingly, Plaintiff's motion to withdraw or amend his admissions shall be granted and 18 Plaintiff shall be provided leave to serve responses to Defendants' request for admissions. The Court 19 also will modify the Scheduling Order in this matter to permit the filing of dispositive motions 20 following service of Plaintiff's responses.

21
22 //
23 //
24 //
25 //
26 //
27 //
28

3

Based on the above, it is HEREBY ORDERED as follows:

1. The order granting summary judgment and the entry of judgment, both dated January 9, 2012, are VACATED;
2. Plaintiff's request to withdraw or amend his admissions, filed on July 8, 2011, is GRANTED;
3. Plaintiff shall serve responses to Defendants' Requests for Admissions within **thirty (30) days;** The deadline to file dispositive motions is extended to November 1, 2013; and
4. This action is referred to the Magistrate Judge for further proceeding.

IT IS SO ORDERED.

Dated:   August 15, 2013                                            _____
                                                                    SENIOR  DISTRICT  JUDGE