UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>             Plaintiff,<br><br>        v.<br><br>L. GONZALEZ, et al.,<br><br>             Defendants. | Case No.: 1:09-cv-01264-AWI-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 99, 100, 110, 111) |

Plaintiff Anthony Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint, filed on July 21, 2009, against Defendants L. Gonzales[1] and A. Murrieta for excessive force in violation of the Eighth Amendment.

On August 12, 2014, the Magistrate Judge issued Findings and Recommendations that Defendants' motion for summary judgment, filed on November 15, 2013, be granted in part and denied in part as follows: (1) Defendants' motion be granted as to Plaintiff's excessive force claim against Defendant Gonzales arising out of the initial takedown on June 9, 2008, on the ground that Plaintiff's excessive force claim is barred by the favorable termination rule; (2) Plaintiff's excessive force claim arising out of the initial takedown by Defendant Gonzales be dismissed without prejudice;

---

[1] Defendant was sued as "L. Gonzalez."

1

1 (3) Defendants' motion be denied as to Plaintiff's excessive force claim against Defendants Gonzales
2 and Murrieta arising out of an alleged assault following the takedown on June 9, 2008; and (4)
3 Defendants' motion for qualified immunity be denied.  The Findings and Recommendations were
4 served on the parties and contained notice that any objections were to be filed within thirty (30) days
5 after service.  (ECF No. 111.)  Plaintiff filed objections on August 22, 2014.  (ECF No. 113.)  No
6 other objections or responses were filed.

7 In his objections, Plaintiff argues that the Magistrate Judge erred by determining that his claim
8 of excessive force arising from the initial takedown is barred by the favorable termination rule.
9 Plaintiff contends that this portion of his action is not barred because he does not seek the restoration
10 of good time credits.  Plaintiff's objection is overruled.  As explained by the Magistrate Judge,
11 Plaintiff's success in this action regarding the initial takedown would necessarily invalidate the prison
12 disciplinary proceedings that resulted in the loss of Plaintiff's good time credits.  (ECF No. 111, p. 9.)
13 The favorable termination rule applies to prison disciplinary proceedings if those proceedings resulted
14 in the loss of good-time or behavior credits, Edwards v. Balisok, 520 U.S. 641, 646-48, 117 S.Ct.
15 1584, 137 L.Ed.2d 906 (1997), and it applies no matter the relief sought.  Wilkinson v. Dotson, 544
16 U.S. 74, 81-82, 125 S.Ct. 1242 (2005).

17 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de
18 novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections,
19 the Court finds the findings and recommendations to be supported by the record and by proper
20 analysis.

21 Accordingly, IT IS HEREBY ORDERED that:
22 1. The Findings and Recommendations issued on August 12, 2014, are adopted in full;
23 2. Defendants' motion for summary judgment, filed on November 15, 2013, is
24 GRANTED IN PART and DENIED IN PART as follows:
25 a. Defendants' motion is GRANTED as to as to Plaintiff's excessive force claim
26 against Defendant Gonzales arising out of the initial takedown on June 9, 2008,
27 on the ground that Plaintiff's excessive force claim is barred by the favorable
28 termination rule;

   b. Plaintiff's excessive force claim arising out of the initial takedown by Defendant Gonzales is DISMISSED without prejudice;

   c. Defendants' motion is DENIED as to Plaintiff's excessive force claim against Defendants Gonzales and Murrieta arising out of an alleged assault following the takedown on June 9, 2008; and

   d. Defendants' motion for qualified immunity is DENIED;

3. This matter shall be set for jury trial on Plaintiff's Eighth Amendment excessive force claims against Defendants Gonzales and Murrieta arising out of an alleged assault following the takedown by Defendant Gonzales on June 9, 2008; and

4. This matter is referred back to the Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: September 25, 2014     _____
                 SENIOR DISTRICT JUDGE

3