UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>             Plaintiff,<br><br>       v.<br><br>L. GONZALEZ, et al.,<br><br>             Defendants. | 1:09-cv-01264-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 132) |

Plaintiff Anthony Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's claim of excessive force in violation of the Eighth Amendment against Defendant Gonzales (erroneously sued as L. Gonzalez) and Defendant Murrieta arising out of an alleged assault following the takedown by Defendant Gonzales on June 9, 2009.  This matter is set for trial on April 28, 2015.

On February 13, 2015, Plaintiff filed the instant motion requesting the appointment of counsel.  As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request

1

the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

Here, Plaintiff argues that the interests of justice require the appointment of counsel because he has a third grade level of education and has relied on the assistance of another prisoner in this action.  In support of his motion, Plaintiff attaches a report from May 2012 showing a 3.8 GE (grade equivalent) on reading subtests, along with the declaration of Inmate Kevin E. Fields stating that he has had to assist Plaintiff in this action since September 2010 and that Plaintiff does not understand what he reads.  (ECF No. 132, Exs. A, B.)

The Court has considered Plaintiff's moving papers, but does not find the required exceptional circumstances.  This Court is faced with similar excessive force cases almost daily from incarcerated prisoners without legal training.  While there may be merit to his claims and this action is proceeding to trial, Plaintiff's single education record, which is nearly three years old, does not permit the Court to conclude that he cannot understand the proceedings or articulate his claims.   Rand, 113 F.3d at 1525.

Accordingly, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **March 2, 2015**                    /s/ *Barbara A. McAuliffe*
                                                                         UNITED STATES MAGISTRATE JUDGE