UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>L. GONZALEZ, et al.,<br><br>    Defendants. | Case No.: 1:09-cv-01264-BAM PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES<br><br>(ECF No. 127) |

Plaintiff Anthony Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claim of excessive force in violation of the Eighth Amendment against Defendants Gonzales (sued as L. Gonzalez) and Murrieta arising out of an alleged assault following the takedown by Defendant Gonzales on June 9, 2008. A jury trial is set for April 28, 2015.

On November 19, 2014, Plaintiff filed a motion for the attendance of the following incarcerated witnesses at trial: (1) Mario Richard Madrid (AP-3673); and (2) Hayward L. Mayhan (P-60322, California State Prison, Corcoran). (ECF No. 127.) Defendants did not file an opposition.

**I.    Legal Standard**

In determining whether to grant Plaintiff's motion for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of

1  transportation and security, and (4) whether the suit can be stayed until the inmate is released without
2  prejudice to the cause asserted.  Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir.
3  1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its
4  discretion when it concluded the inconvenience and expense of transporting inmate witness
5  outweighed any benefit he could provide where the importance of the witness's testimony could not be
6  determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

**II.    Discussion**

**Inmate Madrid**

Plaintiff declares under penalty of perjury that Inmate Madrid was an eye witness to two correctional officers swinging their arms as if punching an inmate who was lying on the ground. Inmate Madrid reportedly told Plaintiff that he would testify if Plaintiff pursued a lawsuit. (ECF No. 127, pp. 3-4.)

Inmate Madrid appears to be an eye witness to events at issue in this action. As such, Inmate Madrid's presence will substantially further the resolution of the case. There is no indication that there would be extraordinary security risks presented by Inmate Madrid's presence at trial. Accordingly, Plaintiff's request for the attendance of Inmate Madrid at trial shall be granted.

**Inmate Mayhan**

In support of the motion, Plaintiff submits the declaration if Inmate Mayhan. Inmate Mayhan declares under penalty of perjury that on June 9, 2008, he witnessed a correctional officer grab and slam a handcuffed prisoner to the ground. Once the prisoner was on the ground, two correctional officers attacked him with various punches. Given the distance, Inmate Mayhan did not recognize the correctional officers or prisoner. Inmate Mayhan later found out the prisoner was Plaintiff Johnson and one of the correctional officers was Gonzales. (ECF No. 127, pp. 6-7, Declaration of Hayward L. Mayhan.) Inmate Mayhan reportedly told Plaintiff that he would testify if called upon to do so. (ECF No. 127, p. 4.)

Inmate Mayhan appears to be an eye witness to the events at issue in this action, and his presence at trial will substantially further the resolution of the case. There is no indication that there

would be any extraordinary security risks presented by Inmate Mayhan's presence at trial. Accordingly, Plaintiff's request for the attendance of Inmate Mayhan at trial shall be granted.

### III. Conclusion and Order

For the reasons stated, Plaintiff's motion for attendance of Inmates Madrid and Mayhan is HEREBY GRANTED.

IT IS SO ORDERED.

Dated: **March 4, 2015**          /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE