# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON, | ) 1:09-cv-01264- BAM (PC) |
| Plaintiff, | ) **PRETRIAL ORDER** |
| v. | ) Motions In Limine Deadline: April 3, 2015 |
| L. GONZALEZ, et al., | ) Opposition Deadline: April 14, 2015 |
| Defendants. | ) Motions In Limine Hearing: April 21, 2015, at 10:30 a.m. in Courtroom 8 (BAM) |
| | ) Jury Trial: **April 28, 2015**, at 8:30 a.m. in Courtroom 8 (BAM) |

Plaintiff Anthony Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's claim of excessive force in violation of the Eighth Amendment against Defendants Gonzales (sued as L. Gonzalez) and Murrieta arising out of an alleged assault following the takedown by Defendant Gonzales on June 9, 2008. A jury trial is set for April 28, 2015.

The parties have submitted pretrial statements, and on March 3, 2015, the Court held a telephonic trial confirmation hearing.  Having reviewed the statements and the remainder of the file and having considered the issues raised at the telephonic trial confirmation hearing, the Court issues the instant Pretrial Order.

///

///

1

**I.**      **Jurisdiction and Venue**

The Court has subject matter jurisdiction over this federal civil rights action.  28 U.S.C. § 1331.  Venue is proper because the conduct allegedly occurred in this judicial district.

**II.**      **Jury Trial**

The parties have demanded a jury trial.

**III.**      **Facts**

A.      Plaintiff's Undisputed Facts

1.      On the morning of June 9, 2008, Plaintiff was at the 4-B Facility SHU law library.

2.      On the morning of June 9, 2008, Defendants A. Murrieta and L. Gonzales were employees at Corcoran State Prison ("Corcoran") with the rank of correctional officers assigned to 4B Facility SHU Building 1R unit.

3.      On the morning of June 9, 2008, Defendants Murrieta and Gonzales placed handcuffs behind Plaintiff's back and walked Plaintiff out of the 4B law library to escort Plaintiff back to his assigned housing unit 4BIR.

4.      While on the escort back to Plaintiff's security housing unit, Defendants took Plaintiff down to the ground using force.

5.      Plaintiff was taken to the 4B-SHU Medical for a medical evaluation on the Defendants' take down.

6.      Plaintiff was found to have injuries to his right forehead, right cheek and both knees by LVN Reed.

7.      Plaintiff was cleared to go back to housing unit by the 4B-SHU LVN Reed.

8.      Once Plaintiff entered the 4B-IR housing unit, Correctional Sergeant S. Tumacder conducted a video interview due to injuries documented on the CDCR 7219.

9.      While being escorted in the SHU, at all times 2 correctional officers must be conducting the escort and the inmate must have handcuffs on behind his back.

10.      On the date of June 9, 2008, Defendants Gonzales and Murrieta were responsible for knowing and complying with the following directives:  The California Code of Regulations, Title 15 (CCR, tit. 15 3268 & 3268.1 & 2 & 3278); the Department of Corrections and Rehabilitation

Operation Manual ("DOM"); the Corcoran State Prison Operational Procedures ("Corcoran-OPS"), specifically OP 222, § 504 Escorting inmates; Individual Post Order(s), specifically for the position of 4B SHU facility's Unit 1 ("4B1") Second-Watch ("2-W") shift's correctional officers; state and federal laws.

11.     On June 10, 2008, Plaintiff filed on administrative 602 Inmate/Parolee appeal about the attack by both defendants.

        B.     Plaintiff's Disputed Facts

1.     Whether in response to Plaintiff's complaints, Defendant L. Gonzales and A. Murrieta used unnecessary excessive force.

2.     Whether Defendant Gonzales began to try to provoke Plaintiff in conversation making threats against Plaintiff's person and using profanity.

3.     Whether Defendant Gonzales began pulling Plaintiff's arm insisting Plaintiff speed up his pace and walk faster while holding two big envelopes.

4.     Whether without warning Defendant Gonzales slammed Plaintiff for no reason while Plaintiff was hand cuff behind his back and that the velocity of force that was used Plaintiff's head was busted when hitting the ground.

5.     Whether Defendants Gonzales and Murrieta began to punch and hit Plaintiff in his face numerous times before losing consciousness while Plaintiff was already on the ground.

6.     Whether Plaintiff was escorted to the 4B SHU Medical Clinic for evaluation and treatment which consist of injuries to Plaintiff's head resulting in being dazed and dizzy, body pain, headaches, both knees being busted and the right knee being injured where Plaintiff had to undergo Arthroscopic Joint Debridement operations due to Defendants assaulting Plaintiff.

7.     Whether Plaintiff suffers from right chronic knee pain, which is an ongoing condition, due to Defendants Gonzales and Murrieta using unnecessary excessive force on June 9, 2008.

8.     Whether Defendants violated Plaintiff's Eighth Amendment rights by using excessive force/punching Plaintiff while on the ground handcuffed behind his back until Plaintiff lost consciousness and sustained injuries.

9.      Whether Defendants knew of any substantial risk of serious harm by them punching Plaintiff constantly while in handcuffs behind his back on the ground.

10.     Whether Defendants through deliberate, reckless and callous indifference subjected Plaintiff to cruel and unusual punishment in violation of Plaintiff's Eight Amendment rights.

11.     Whether Defendants violated Government Code § 844.6(d) and Cal. Penal Code § 2650 & 2652.

C.      Defendants' Undisputed Facts

1.      Plaintiff is a convicted felon properly in the custody of the California Department of Corrections and Rehabilitation ("CDCR").

2.      Plaintiff was housed at CSP-Corcoran in the Security Housing Unit ("SHU") at all times relevant to this case.

3.      In June 2008, correctional officers Gonzales and Murrieta worked as search and escort officers in CSP-Corcoran's SHU.

4.      Search and escort officers escorted inmates housed in the SHU to and from their cells.

5.      Escorts of SHU inmates were generally performed by two escorting officers.

6.      The standard procedure was for one officer to walk on each side of the inmate.

7.      The practice was for the escorting officers to stay within arms-length of the inmate, with at least one officer keeping his hand on the inmate's arms at all times.

8.      During the escort, the inmate was required to remain facing forward because from that position the inmate posed the least risk of harm to the escorting officers.

9.      These security measures were necessary because the SHU is used to house inmates whose conduct in prison had been found to endanger the safety of others or the security of the institution.

10.     On June 9, 2008, Gonzales and Murrieta were escorting Plaintiff back to his cell from the law library.

11.     Officer Gonzales was holding Plaintiff's left forearm with his right hand.

12.     During the escort, Plaintiff turned his head and shoulder toward Murrieta and said, in an apparent reference to Gonzales, "Hey cuz, he keeps grabbing my arm" and "You're going to have to take me down."

13.     In response, Officer Gonzales ordered Plaintiff to face forward and not to turn his shoulder.

14.     Plaintiff then turned towards Gonzales, twisting his upper body as if he was trying to break the grip Gonzales had on his forearm.

15.     Plaintiff stepped up to Gonzales and hit Gonzales' chest with his chest.

16.     As Plaintiff was moving towards him, Officer Gonzales turned to his left and tried to use Plaintiff's momentum to put him on the ground.

17.     As he did so, Gonzales slipped on the gravel underneath, and the two men went to the ground.

18.     Gonzales and Murrieta struggled to secure Plaintiff on the ground for the next several moments.

19.     Correctional Sergeant S. Tumacder arrived on the scene a few moments later, as did correctional officers E. Beltran and K. Blevins.  Beltran and Blevins relieved Gonzales and Murrieta, and they [Beltran and Blevins] assumed responsibility for the escort from there.

20.     Beltran and Blevins escorted Plaintiff to the medical clinic after the incident.

21.     Licensed Vocational Nurse Reed documented abrasions/scratches on Plaintiff's right forehead, his right cheek and on the front of both knees.

22.     After the examination was complete, medical staff cleared Plaintiff to return to his housing unit.

23.     Based on the incident, Plaintiff was charged with "Battery on a Peace Officer" and issued a Rules Violation Report.

24.     At the disciplinary hearing that followed, Plaintiff was found guilty of the charge offense and assessed 150 days' good-time credits.

///

///

D.      Defendants' Disputed Facts

1.      The parties dispute whether Plaintiff continued to resist Gonzales and Murrieta by jerking his upper body and kicking his legs while the two correctional officers were trying to secure him on the ground.

2.      The parties dispute whether Officers Gonzales or Murrieta struck Plaintiff after they secured him on the ground.

3.      The parties dispute whether Officers Gonzales or Murrieta threatened Plaintiff or made any antagonistic comments towards him on June 9, 2008, or any other time.

E.      Disputed Evidentiary Issues

1.      Plaintiff's Disputed Evidentiary Issues

Plaintiff anticipates disputes over the admissibility of evidence regarding Plaintiff's disciplinary records and the admissibility of other unauthenticated documents.

2.      Defendants' Disputed Evidentiary Issues

a.      Whether evidence concerning any of Plaintiff's claims that have been dismissed is admissible for any purpose.

b.      Whether evidence concerning any of Plaintiff's allegations against any defendants that have been dismissed is admissible for any purpose.

c.      Whether Plaintiff should be allowed to offer any opinion testimony concerning his medical records or medical condition.

d.      Whether, if Defendant Gonzales is medically unavailable for trial, the relevant incident reports and business records that he authored may be admitted into evidence.

e.      Whether Plaintiff's abstract of judgment, or the abstract of judgment for any incarcerated witnesses, are admissible for impeachment purposes.

IV.     **Relief Sought**

A.  Plaintiff's Requested Relief

This is an action for monetary damages.  Plaintiff seeks compensatory and punitive damages.  Plaintiff also seeks declaratory and injunctive relief.  As stated on the record during

the telephonic trial confirmation hearing, Plaintiff's request for declaratory and injunctive relief is DENIED.

B.  Defendants' Requested Relief

Defendants seek judgment in their favor and an award of costs.

**V.**     **Points of Law**

A.     Eighth Amendment – Excessive Force

The relevant inquiry for an Eighth Amendment excessive force claim is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S. Ct. 995, 998 (1992); *Whitley v. Albers*, 475 U.S. 312, 320, 106 S. Ct. 1078, 1085 (1986).  In making this determination, the court may evaluate "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." *Whitley*, 475 U.S. at 321, 106 S. Ct. at 1085; *Marquez v. Gutierrez*, 322 F.3d 689, 692 (9th Cir. 2003).  Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id.* at 321-22 (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1970)).

B.     Punitive Damages

The plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence.  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2008).  The jury must find that the defendants' conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1986).

C.  Federal Rules of Evidence

Federal Rules of Evidence 608 and 609 provide that evidence of a witness's prior felony conviction or instances of conduct demonstrating a propensity to lie may be used to impeach that witness's testimony.  Federal Rule of Evidence 404(b) provides that evidence of prior crimes, wrongs, or acts cannot be used to prove the character of the person in order to show conduct in

conformity with that character trait.  Such prior acts may be admissible for other purposes only, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  *Id.*

**VI.    Abandoned Issues**

None.

**VII.    Witnesses**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

A.  Plaintiff's Witnesses

1.  Plaintiff

2.  Inmate Mario Madrid, CDCR # AP-3673

3.  Inmate Hayward L. Mayhan, CDCR # P-60322

B.  Defendants' Witnesses

1.  Defendant L. Gonzales

2.  Defendant A. Murrieta

3.  S. Tumacder, Correctional Sergeant, CSP-Corcoran

4.  E. Beltran, Correctional Officer, CSP-Corcoran

5.  K. Blevins, Correctional Officer, CSP-Corcoran

6.  A. Reed, Licensed Vocational Nurse, CSP-Corcoran

7.  The custodian of records for Plaintiff's central inmate file.

8.  The custodian of records for Plaintiff's medical file.

9.  The custodians of records who maintain the central inmate files for any inmate witnesses.

All witnesses are to be made available at **9:30 a.m.** on the day of trial.

///

**VIII.** **Exhibits**

The following is a list of documents or other exhibits that the parties expect to offer at trial.  NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

A.  Plaintiff's Exhibits

1.      Inmate/Parolee Appeal Form (CDCR 602), Log No. CSPC-6-08-03004

2.      Inmate/Parolee Appeal Form (CDCR 602), First and Second Level Response, Log No. CSPC-6-08-03004

3.      Inmate/Parolee Appeal Form (CDCR 602), Director's Level Appeal Decision, IAB Case No. 0803762 and Local Log No. CSP-6-03004

4.      "OP" Operations Manual § 51020.1 Policy of Use of Force by "CDCR"

5.      "OP" Operations Manual § 51020.4 Definitions of Use of Force by "CDCR"

6.      "OP" Operations Manual § 51020.17.3 Video Records Made After Immediate Uses of Force that Cause Injury and Allegations of Unnecessary or Excessive Force by "CDCR"

7.      "OP" Operations Manual § 51020.18 Reporting Allegations of Unnecessary or Excessive Force by "CDCR"

8.      "OP" Operational Procedure No. 222 Sec. 504 Escorting Inmates in the Security Housing Unit/"SHU" by CDCR

9.      California Code of Regulations, Title 15, § 3268.(1) Rules of Reasonable Force

10.     California Code of Regulations, Title 15 § 3268.(2) Rules of Unnecessary Force

11.     California Code of Regulations, Title 15 § 3278 Rules of Control of Inmates and Parolees

12.     Crime/Incident Report Part C-Staff Report CDC 837-C written by Defendant Murrieta

13.     Investigation Report/I.E. Report done by Correctional Officer R. Heartherly

14.     Declaration of Defendant Gonzales in Support of Summary Judgment by Defendant Murrieta dated march 29, 2011

15.    Declaration of Defendant Murrieta in Support of Summary Judgment by Defendant Gonzales dated November 15, 2013

16.    Crime/Incident Report Part C-1-Supplement CDC 837-C1 written by Correctional Sergeant Tumacder.

17.    Crime/Incident Report Part B1 Inmate CDCR 837-B1 Form

18.    Medical Report of Injury or Unusual Occurrence CDCR 7219 Form written by LVN Reed

19.    Crime/Incident Report Part A1-Supplement CDCR 837-A1 written by Correctional Lieutenant Keener

20.    Crime/Incident Report Part B2-Staff CDCR 837-B2

21.    Abstract of Judgment-Prison Commitment-Indeterminate

22.    Pretrial Settlement Conference dated May 6, 2009 (Minute Order)

23.    Minute Order dated 9/30/09 at Kings County Superior Court

24.    Information Order for the County of Kings Superior Court dated November 20, 2008

25.    Health Care Services Request Form CDCR 7362 From 7-6-2008 to 5-27-2010

26.    Mercy Hospital Facility Operation Report generated at 12/2/11 12:55

27.    Declaration of Mario Richard Madrid

28.    Declaration of Hayward L. Mayhan

    B.    Defendants' Exhibits

1.    Documents from Plaintiff's central file, including:

    a.    Abstract of Judgment

    b.    Rules Violation Report (CDC 115) Log No. 4B-06-003

    c.    All documents contained in the related Crime/Incident Report (CDC 837), Incident Log No. COR-04B-08-06-0291

    d.    Medical Report of Injury or Unusual Occurrence (CDC 7219) prepared for inmate Anthony Johnson (V-92859), dated June 9, 2008

2.    Documents from Plaintiff's medical file, including:

a.   All Health Care Service Request forms (CDC 7362) relevant to Plaintiff's complaints of pain and/or other medication-seeking behaviors, from January 1, 2007, to present

3.   A diagram of CSP-Corcoran's Facility B

4.   Photographs of Facility B near the location of the escort at issue

5.   Use of Force video prepared by S. Tumacder in connection with Crime/Incident Report, Incident Log No. COR-04B-08-06-0291

6.   Sections of title 15 of the California Code of Regulations in effect in 2008 governing the use of force and inmate escorts

7.   Operational procedures in place at CSP-Corcoran in 2008 governing the use of force and inmate escorts

8.   Post Orders for the position of CSP-Corcoran Administrative Segregation Unit Search & Escort Officer, in effect June 2008

9.   Officer Gonzales's declaration in support of Defendants' motion for summary judgment.

The parties are to exchange exhibits that are not already in the possession of the other party, if they have not already done so, by **April 7, 2015**.

**IX.   Discovery Documents to Be Used At Trial**

If necessary, Plaintiff seeks to introduce Interrogatories, Admissions and other discovery documents.

Defendants reserve the right to admit any remaining portions of Defendants' discovery responses introduced by Plaintiff that are needed to place the evidence into context.

**X.   Further Discovery or Motions**

The parties intend to file motions in limine.

**XI.   Stipulations**

The parties have stipulated that the defendants acted under color of law.

**XII.   Amendments/Dismissals**

None.

///

**XIII.** **Settlement Negotiations**

Throughout the fall of 2014, the parties discussed the possibility of settling this case. However, Defendants and CDCR decided that this case was not appropriate for settlement.

**XIV.** **Agreed Statement**

None.

**XV.** **Separate Trial of Issues**

As ordered during the telephonic trial confirmation hearing, the punitive damages phase, if any, will be bifurcated.

**XVI.** **Impartial Experts - Limitation of Experts**

None.

**XVII.** **Attorneys' Fees**

Plaintiff is proceeding pro se and is not entitled to attorney's fees.

If they prevail at trial, Defendants intend to request costs, but not attorney's fees.

**XVIII.** **Further Trial Preparation**

A.     Motions in Limine Hearing

Any party may file a motion in limine, which is a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quotation marks omitted). In the case of a jury trial, the Court's ruling gives Plaintiff and Defendants' counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury. *Id.* at 1111-12 (quotation marks omitted). Although the Federal Rules do not explicitly provide for the filing of motions in limine, the Court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

The deadline for service and filing of motions in limine is **April 3, 2015.** The deadline for service and filing of an opposition, if any, is **April 14, 2015.** An order may be issued prior to trial resolving these motions. Otherwise, a motion in limine hearing will be held on **April 21, 2015, at 10:30 a.m.** in Courtroom 8 (BAM), before the undersigned.

B.    <u>Other</u>

The parties are relieved of their obligation under Local Rule 285 to file trial briefs.   If the parties wish to submit a trial brief, they must do so on or before **April 21, 2015**.  The Court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial.  If the parties wish to submit a proposed verdict form, they must do so on or before **April 21, 2015.**

Defendants may file proposed jury instructions as provided in Local Rule 163 on or before **April 21, 2015.**  Defendants are only required to file proposed jury instructions relating to the substantive law underlying this action.  If Plaintiff wishes to file proposed jury instructions, he must do so on or before **April 21, 2015.**

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible.  All jury instructions must be submitted in duplicate: One set will indicate which party proposes the instruction, with each instruction numbered or lettered, and containing citation of supporting authority, and the customary legend, *i.e.*, "Given, Given as Modified, or Refused," showing the Court's action, with regard to each instruction.  One set will be an exact duplicate of the first, except it will not contain any identification of the party offering the instruction or supporting authority or the customary legend of the Court's disposition.  If filing proposed instructions, Defendants shall provide the Court with a copy of their proposed jury instructions via e-mail at: bamorders@caed.uscourts.gov.

Proposed voir dire questions, if any, shall be filed on or before **April 21, 2015**, pursuant to Local Rule 162.

The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **April 21, 2015**.  The Court will consider the parties' statements but will draft its own statement.  The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

The original and two copies of all trial exhibits along with exhibit lists shall be submitted to Courtroom Deputy Harriet Herman no later than **April 21, 2015**.  Defendants' exhibits shall be submitted in binder form.  All of Plaintiff's exhibits shall be pre-marked with the prefix "PX"

and labeled sequentially beginning with 1 (e.g., PX-1, PX-2, etc.).  All of Defendants' exhibits shall be pre-marked with the prefix "DX" and labeled sequentially beginning with 1 (e.g., DX-1, DX-2, etc.).

***

FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION OR ENTRY OF DEFAULT, ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER.

IT IS SO ORDERED.

Dated:   **March 4, 2015**          /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE