# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. GONZALEZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:09-cv-01264-BAM PC<br><br>ORDER DENYING DEFENDANTS' MOTION TO MODIFY THE PRETRIAL ORDER TO ALLOW DEFENDANTS TO DESIGNATE TWO ADDITIONAL EXHIBITS WITHOUT PREJUDICE<br>(ECF No. 149.) |

　　　　Plaintiff Anthony Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claim of excessive force in violation of the Eighth Amendment against Defendants Gonzales[1] and Murrieta arising out of an alleged assault following the takedown by Defendant Gonzales on June 9, 2008.  A jury trial is set for April 28, 2015.

　　　　On March 4, 2015, the Court issued its final Pretrial Order in this action.  (ECF No. 139.)  The Pretrial Order provides that no exhibit, other than those listed in the Pretrial Order, may be admitted unless the parties stipulate or upon a showing that the Pretrial Order should be modified to prevent manifest injustice.  (ECF No. 139, p. 9.)

---

[1] Defendant was sued as "L. Gonzalez."

1

On March 30, 2015, Defendants filed the instant motion to modify the Pretrial Order to allow them to designate two additional exhibits. (ECF No. 149.) The Court finds a response unnecessary and the motion is deemed submitted.[2] Local Rule 230(l).

In this action, the Pretrial Order controls and it may not be modified absent a showing of necessity to prevent manifest injustice. Fed. R. Civ. P. 16(d), (e); Local Rule 283(c); Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012). The following factors are considered in determining whether to modify the Pretrial Order: (1) degree of prejudice or surprise to Plaintiff; (2) the ability of Plaintiff to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of Defendants. Hunt, 672 F.3d at 616; Galdamez v. Potter, 415 F.3d 1015, 1020 (9th Cir. 2005).

Although the factors at issue weigh in favor of amending the Pretrial Order, the Court finds it unnecessary in this instance. According to Defendants' moving papers, the intended exhibits are solely "for impeachment purposes." (ECF No. 149, p. 3.) Evidence offered at trial "*solely* for impeachment purposes does not need to be identified in the pretrial order or disclosed prior to trial." Fresno Rock Taco, LLC v. National Sur. Corp., 2013 WL 3803911, *4 (E.D. Cal. Jul. 19, 2013) (discussing exemption from disclosure of impeachment evidence) (emphasis in original); cf. New York Life Ins. Co. v. Morales, 2008 WL 2622875, *4 (S.D. Cal. Jul. 1, 2008) (witnesses used solely for impeachment are exempt from pretrial disclosure); Fed. R. Civ. P. 26(a)(3)(A) (exempting evidence to be used solely for impeachment from pretrial disclosure requirement). The exhibits at issue here are: (a) a copy of inmate Mario Madrid's segregation record (CDC Form 114-A) for June 9, 2008; and (b) a copy of inmate Hayward Mayhan's segregation record (CDC Form 114-A) for June 9, 2008. (ECF No. 149, p. 3.) Defendants expect Plaintiff will call inmates Mario Madrid and Hayward Mayhan to testify as witnesses to the events at issue on the recreation yard. Defendants therefore intend to use the segregation records to demonstrate that these two inmate witnesses were not present on Facility 4B exercise yard on the day in question and almost certainly did not witness the

---

[2] Plaintiff will not be prejudiced by the inability as the Court intends to deny the motion, without prejudice, as unnecessary.

escort at issue.  (ECF No. 49, p. 2-3; Declaration of Timothy H. Delgado ¶¶ 6-7.)  As Defendants intend to use these documents solely for impeachment purposes, they need not be identified in the Pretrial Order and may be used at trial subject to the rules of evidence.  Accordingly, Defendants' motion to modify the Pretrial Order, filed on March 30, 2015, is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **April 3, 2015**                           /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE