**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>L. GONZALEZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:09-cv-01264-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT TO HOLD A COMPETENCY HEARING PURSUANT TO RULE 17(c)<br><br>(ECF No. 145) |

Plaintiff Anthony Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claim of excessive force in violation of the Eighth Amendment against Defendants Gonzales (sued as L. Gonzalez) and Murrieta arising out of an alleged assault following the takedown of Plaintiff by Defendant Gonzales on June 9, 2008. A jury trial is set for April 28, 2015.

**I.     Background**

Plaintiff initiated this action on July 21, 2009. Since that time, he has litigated this case through screening, discovery, summary judgment, and a successful appeal. Recently, he has filed trial-related motions and documents, including a pretrial statement, a motion for the attendance of incarcerated witnesses, motions regarding evidence, motions in limine, proposed

1

1  voir dire, and a proposed verdict form. (ECF Nos. 127, 128, 134, 141, 144, 146, 147.)  Plaintiff
2  also participated in a trial confirmation hearing, appearing in front of the Court by telephone on
3  March 3, 2015, without the assistance of counsel or any other individuals.  (ECF No. 137.)
4  During the conference, Plaintiff actively participated, appeared to understand the nature of the
5  proceedings, and made cogent arguments with reference to case law.
6      Additionally, at various points in these proceedings, Plaintiff has filed motions for the
7  appointment of counsel.  (ECF Nos. 3, 68, 112, 132.)  The Court has denied each of these
8  requests, finding that Plaintiff failed to demonstrate extraordinary circumstances warranting the
9  appointment of counsel.  (ECF Nos. 5, 69, 115, 136.)  On March 16, 2015, Plaintiff filed a
10 renewed motion for the appointment of counsel, which is pending, along with a motion for a
11 change of venue to the Northern District of California in order to be referred to a pro bono
12 project for counsel.  (ECF Nos. 141, 142.)
13     On March 23, 2015, Plaintiff filed the instant motion for the Court to hold a competency
14 hearing pursuant to Federal Rule of Civil Procedure 17(c).  Plaintiff asserts that he lacks the
15 mental competence to represent himself in this action because of his pain management
16 medications, Gabapentin and Oxcarbazepine.  (ECF No. 145.)
17     Given the approaching trial date, the Court ordered Defendants to file a response on or
18 before April 3, 2015.  The Court also directed Plaintiff to file and serve all supplemental
19 evidence he wished the Court to consider no later than April 10, 2015. (ECF No. 148.)
20     Defendants filed their opposition to Plaintiff's motion for a competency hearing.  (ECF
21 No. 163.)  On April 10, 2015, Plaintiff filed his supplemental evidence.[1]  (ECF No. 168.)  No
22 replies have been ordered and the motion is deemed submitted.  Local Rule 230(l).
23 ///
24 ///

---

[1]  Plaintiff filed his supplemental evidence in a document entitled "Notice of Motion Motion for Plaintiff's Supplemental Information Reply for Competency Hearing Pursuant to Rule 17(c)." (ECF No. 168.)  Plaintiff was directed to file supplemental evidence by Court order.  (ECF No. 148.)  Accordingly, Plaintiff's motion to submit supplemental information is unnecessary and HEREBY DENIED as moot.

## II.  Discussion

Plaintiff requests that the Court hold a competency hearing pursuant to Rule 17(c). Plaintiff claims that he is currently prescribed pain medications—Gabapentin and Oxcarbazepine—which cause him to suffer from short-term memory loss at times, disorientation and confusion.  (ECF No. 145-1, p. 3; ECF No. 145-3, Pl's Dec. ¶ 3.)  He also claims that he has been in special education and has been identified as a slow learner.  (ECF No. 168, p. 3.) Plaintiff has submitted medical and other records in an effort to support his claim.  (ECF No. 168, Exs. A, B, C.)

Defendants counter that Plaintiff's motion should be denied because his litigation activities undermine his claim of mental incapacity.  As an example, Defendants identify Plaintiff's recent filings in preparation for trial, including Plaintiff's pretrial statement, request for witnesses, and motion regarding clothing for inmate witnesses.  (ECF Nos. 128, 127, 134.) Defendants also point out that Plaintiff represented himself favorably at the trial confirmation hearing on March 3, 2015.  (ECF No. 137.)  Defendants also note that Plaintiff has been actively litigating another action in this court, Johnson v. Sisodia, et al., No. 1:12-cv-02044-SAB (E.D. Cal.).

Defendants further counter that Plaintiff's primary care provider has found no reason why Plaintiff would be unable to participate in the trial.  (Declaration of M. Mays ("Mays Dec. ¶ 10.) Plaintiff's primary care provider, Nurse Practitioner N. Mays, indicates that impaired cognition is not a known side effect of Gabapentin and it is rare for patients taking Oxcarbazepine to experience impaired concentration or confusion, and the degree of any such impairment is inversely proportional to the length of time the patient has been using the medication.  (Mays Dec. ¶ 8)  Plaintiff has been taking Oxcarbazepine since 2012.  (Mays Dec. ¶ 6.)  Plaintiff's primary care provider also indicates that many of the side effects from Oxcarbazepine are more pronounced shortly after a dose is taken, and they tend to fade with the passage of time (60-90 minutes).  (Id.)

Additionally, Plaintiff's primary care provider has met with him three times in recent months and Plaintiff has remained lucid, coherent and responsive.  He also has not mentioned

suffering any adverse side effects from his current medications, which are in the range of therapeutic dosages. (Mays Dec. ¶¶ 5, 6, 7.) Plaintiff's primary care provider does not believe the medications are affecting Plaintiff's cognition or memory in any way and does not believe that Plaintiff would be unable to participate in any activity that required sustained attention. (Mays Dec. ¶¶ 7, 10.)

### A. Legal Standard

Rule 17(c) requires a court to "appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Pursuant to the Ninth Circuit, a district court must hold a competency hearing "when substantial evidence of incompetence is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005); see also Krain v. Smallwood, 880 F.2d 119, 1121 (9th Cir. 1989) (preferred procedure when a substantial question of mental competence exists is for the district court to conduct a hearing). In determining whether substantial evidence of incompetence is presented, the district court may consider sworn declarations from the pro se party or other inmates, sworn declarations or letters from treating psychiatrists or psychologists, and his medical history. Allen, 408 F.3d at 1152-54.

### B. Analysis

Here, Plaintiff has submitted a declaration from his cellmate, Kevin E. Fields. (ECF No. 145-2.) Mr. Fields states that he has witnessed Plaintiff being provided with Gabapentin and Oxcarbazepine. He has noticed that after Plaintiff takes the medications it "affects his thinking process substantially." (ECF No. 145-2, Fields Dec. ¶ 3.) For example, Mr. Fields can explain something that is simple, but a few moments later he will have to explain it to Plaintiff again and again. (Id.) Mr. Fields also states that Plaintiff "becomes disoriented and forgets where he's at sometimes." (Id.). Mr. Fields reportedly has told the LVNs and PTs that Plaintiff suffers from these side effects. (Id.)

The Court has considered Mr. Fields' declaration, but it does not appear that Mr. Fields is qualified to assess Plaintiff's mental competence or thinking processes. Hoang Minh Tran v. Gore, 2013 WL 1625418, *4 (S.D. Cal. Apr. 15, 2013) (declaration from former fellow inmate

with no training or qualifications provided little substantial evidence to justify competency hearing). Further, Mr. Fields' declaration that Plaintiff is affected after taking his medication is not inconsistent with the report from Plaintiff's primary care provider. As noted, Plaintiff's primary care provider has indicated that side effects from Oxcarbazepine, such as impaired concentration, are more pronounced shortly after a dose is taken, and they tend to fade with the passage of time (60-90 minutes). There is nothing to indicate that Plaintiff's asserted symptoms or purported side effects are anything more than temporary. Indeed, Plaintiff's own *pro se* declaration suggests that any medication side effects may be sporadic and temporary. For instance, Plaintiff states that he "become[s] disoriented/confused and suffer[s] from short-term memory loss *at times*." (ECF No. 145-3, Pl's Dec. ¶3) (emphasis added).

Plaintiff also has submitted medical evidence showing his current dosage of medications as of April 4, 2015. According to the medication record, Plaintiff takes two 600mg tablets of Gabapentin three times a day and two 300mg tablets of Oxcarbazepine every morning. (ECF No. 168, Ex. A.) As indicated by Plaintiff's primary care provider, these amounts are within the range of therapeutic doses and the frequency of adverse effects from Oxcarbazepine rises above a daily dosage of 1,200 mg. (ECF No. 163-1, Mays Dec. ¶¶ 5-6.) Such a dosage is above that currently prescribed for Plaintiff. More importantly, Plaintiff's medication record does not provide substantial evidence of incompetence. Rather, it merely provides evidence of the frequency, amount and type of medication that Plaintiff is currently taking.

Plaintiff additionally has submitted evidence from his parole records. According to this information, Plaintiff "has always been involved in an independent education program (special education) because he is a slow learner." (ECF No. 168, Ex. B.) The parole records also indicate that, at some unknown point in time, Plaintiff had completed 103 of the 200 credits necessary to complete the high school requirement. (Id.) The Court has considered this record, but finds it insufficient to demonstrate substantial evidence of incompetence. The source, date and author of the record are not provided, nor are there documents substantiating the statements regarding Plaintiff's educational program or his high school credits. That Plaintiff is purportedly

a "slow learner" does not state or imply that Plaintiff is mentally incompetent or unable to proceed with this case.

Both parties have submitted information regarding the potential medication side effects from Gabapentin and Oxcarbazepine. (ECF No. 163-2, Ex. B; ECF No. 168, Ex. C.) However, the clinical pharmacology of these medications does not provide substantial evidence that Plaintiff either suffers from any of the identified side effects to a debilitating degree or is mentally incompetent.

In addition to the foregoing, Plaintiff has appeared telephonically before the Court during a trial confirmation hearing. During this hearing, Plaintiff was coherent, able to communicate with the Court and counsel, state his position and arguments clearly and track the proceedings. The Court did not ascertain any statements indicating that Plaintiff was incompetent.

Having considered Plaintiff's moving papers, Defendants' opposition and Plaintiff's evidence, the Court finds that Plaintiff has failed to submit substantial evidence of incompetence to justify a competency hearing. At best, Plaintiff has provided evidence that he sometimes suffers from confusion, disorientation and forgetfulness after taking his medications. However, there is no indication that any short-term side effects from these medications cannot be accommodated at trial by means of recesses, breaks, shortened days or other means.

### III.   Conclusion and Order

For the reasons stated, Plaintiff's motion for the Court to hold a competency hearing is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **April 15, 2015**                                         /s/ *Barbara A. McAuliffe*
                                                                         UNITED STATES MAGISTRATE JUDGE