UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>               Plaintiff,<br><br>    v.<br><br>L. GONZALEZ,<br><br>               Defendant. | 1:09-cv-01264 BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CHANGE OF VENUE<br>(ECF No. 141)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 142) |

      Plaintiff Anthony Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claim of excessive force in violation of the Eighth Amendment against Defendants Gonzales (sued as L. Gonzalez) and Murrietta arising out of an alleged assault following the takedown of Plaintiff by Defendant Gonzales on June 9, 2008. A jury trial is set for April 28, 2015.

      On March 16, 2015, Plaintiff filed a motion for change of venue to the Northern District of California in order to be appointed pro bono counsel. Plaintiff asserts that the reason for the change of venue is because the Eastern District of California does not refer pro se inmates to the pro bono project. (ECF No. 141.) On the same date, Plaintiff filed a motion requesting the

appointment of counsel, including a referral to the Federal Pro Bono Project with a request that counsel represent Plaintiff in this action. (ECF No. 142.) Defendants did not file responses; the motions are deemed submitted. Local Rule 230(l).

### I.   Motion to Change Venue

Plaintiff requests transfer of this action to the Northern District of California so that he may be referred to a Federal Pro Bono Project.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. §1391(b). The party seeking the transfer must meet an initial threshold burden by demonstrating that the action could have been brought in the proposed transferee district. 28 U.S.C. §1391(b); 28 U.S.C. § 1404(a); Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985); Park v. Dole Fresh Vegetables, Inc., 964 F.Supp.2d 1088, 1093 (N.D. Cal. 2013).

The events at issue here occurred at California State Prison, Corcoran, which is in the Fresno Division of the Eastern District of California. Although Defendants' residences are unknown, given their employment in Corcoran, California, they more than likely do not reside in the Northern District of California given the substantial geographical distance. Plaintiff therefore has failed to meet the initial threshold burden of demonstrating that this action could have been brought in the Northern District of California. Further, there is no indication that such a transfer would be convenient for the parties or witnesses, many of whom are employed at California State Prison, Corcoran. Defendants also have not consented to transfer.

To the extent Plaintiff asserts that the Eastern District of California does not request the voluntarily assistance of counsel, he is incorrect. The Court does not routinely refer requests for the appointment of counsel to the pro bono director for the Eastern District of California. Rather, the Court will request the voluntary assistance of counsel only in exceptional circumstances. As

discussed below, Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel.

For these reasons, Plaintiff's motion for change of venue shall be denied.

## II.      Motion for the Appointment of Counsel

Plaintiff's seeks the appointment of counsel because his medications—Oxcarbazepine and Gabapentin—cause him to suffer from short-term memory loss and to become disoriented and confused.  Plaintiff also seeks the appointment of counsel because he suffers from a condition called H-Pylori/Gastritis, which causes him constant stomach pain.  Plaintiff further contends that he has a third-grade education and he would not know "what was going on" in this action without the assistance of other inmates.  (ECF No. 142, Pl's Dec. ¶4.)

As he has been previously informed, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  First, the Court cannot make a determination regarding the likelihood of success on Plaintiff's claims.  This matter will be presented to a jury for determination.  Second, and more importantly, Plaintiff has been able to adequately articulate his claims in this action.  Indeed, Plaintiff demonstrated his apparent ability to understand proceedings and present coherent arguments during the telephonic trial confirmation hearing on March 3, 2015.  Further, with regard to Plaintiff's medications, records before the Court indicate that the reported side effects of Gabapentin do not include

impaired cognition. (ECF No. 163.) Additionally, side effects from Oxcarbazepine, such as impaired concentration or confusion, are rare, and many of the side effects are more pronounced after a dose is taken and tend to fade with the passage of time (60-90) minutes. (Id.) As needed, Plaintiff's temporal or short-term side effects from medication can be accommodated at trial by breaks, recesses or other means. Further, the issues in this case are straightforward and not complex.

For these reasons, Plaintiff's motion for the appointment of counsel shall be denied.

### III. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for a change of venue is DENIED; and
2. Plaintiff's motion for the appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **April 17, 2015**              /s/ Barbara A. McAuliffe            
UNITED STATES MAGISTRATE JUDGE