UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON, | ) Case No.: 1:09-cv-01264-BAM (PC) |
| Plaintiff, | ) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE #1 |
| v. | ) |
| L. GONZALEZ, et al., | ) ORDER GRANTING DEFENDANTS' MOTIONS IN LIMINE #2, #3, #4, AND #5. |
| Defendants. | ) (ECF No. 150) |

**I.      Introduction**

Plaintiff Anthony Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's claim of excessive force in violation of the Eighth Amendment to the United States Constitution against Defendant Gonzales (erroneously sued as L. Gonzalez) and Defendant Murrieta arising out of an alleged assault following the takedown of Plaintiff by Defendant Gonzales on June 9, 2008.  A jury trial is set for April 28, 2015.

On April 1, 2015, Defendants filed their motions in limine.  (ECF No. 150.)  Plaintiff filed an opposition on April 15, 2015.  (ECF No. 170.)  Defendants' motions for limine came on for hearing on April 21, 2015, before the Honorable Barbara A. McAuliffe, United States Magistrate Judge.  Plaintiff appeared telephonically on his own behalf.  Timothy Delgado and Maureen Onyeagbako of the

Attorney General's Office of California appeared telephonically on behalf of Defendants Gonzales and Murrieta. Having considered the moving papers, as well as the arguments of the parties, the Court issues the following order.

### II. Defendants' Motions in Limine

#### A. Allegations at Issue

On June 9, 2008, Defendants Gonzales and Murrieta were escorting Plaintiff back to his cell from the law library. Defendants were trying to engage Plaintiff in conversation, making threats and using profanity. Defendant Gonzales began pulling on Plaintiff's left arm, telling him to speed up and walk faster. Plaintiff's hands were handcuffed behind his back and he was holding his legal mail. Plaintiff responded that he could not go any faster and that he was losing his grip on the envelope he was holding because Defendant Gonzales was pulling on his arm. Defendant Gonzales slammed Plaintiff to the ground with enough force that "Plaintiffs head was busted." (ECF No. 1, ¶ 17.) Plaintiff was struck by Defendants Gonzales and Murrieta numerous times before losing consciousness. When Plaintiff regained consciousness, Correctional Officers Beltran and Blevins escorted him to the medical clinic for treatment.

Plaintiff's claim is limited to the time period after the initial takedown by Defendant Gonzales and his allegations that Defendants Gonzales and Murrieta struck him numerous times before he lost consciousness.

#### B. Motion in Limine: Standard

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury. *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. *Sperberg v. Goodyear Tire & Rubber, Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until trial when the judge can better estimate the impact of the evidence on the jury. *Jonasson*, 115 F.3d at 440.

### C. Defendants' Motion in Limine #1

Defendants move to preclude Plaintiff from introducing evidence and testimony regarding the propriety of the initial takedown and a knee injury allegedly sustained during the initial takedown.

The issue for trial is whether or not Defendants used excessive force following the initial takedown of Plaintiff. Therefore, the *propriety* of the initial takedown is not relevant. Fed. R. Evid. 401. However, Plaintiff is not precluded from introducing evidence and testimony regarding the entirety of the incident, including events before and after the takedown, to provide context for the jury.

With regard to the knee injury, Plaintiff has not attributed his knee pain and injury to the initial takedown. Therefore, such allegations are relevant to this action and Plaintiff's claim for damages. Fed. R. Evid. 401. Plaintiff is not precluded from providing testimony regarding what happened and how he was injured.

Nonetheless, Plaintiff is not a qualified medical expert and may not offer any opinion evidence regarding his medical records or his medical condition, including diagnosis, opinions, inferences or causation. As a non-expert, Plaintiff may testify only as to what he saw or felt relating to his injuries. Plaintiff may not testify as to any medical matter that requires scientific, technical, or other specialized knowledge. Fed. R. Evid. 701, 702.

Accordingly, Defendants' motion in limine #1 is GRANTED IN PART and DENIED IN PART. Plaintiff may not challenge the propriety of the initial takedown. However, Plaintiff may provide evidence and testimony regarding the context of what happened before and after the initial takedown and the injuries he sustained. He may not testify as to any medical matter that requires scientific, technical or other specialized testimony.

### D. Motion in Limine #2

According to his pretrial statement, Plaintiff intends to introduce the declarations of inmates Mario Richard Madrid and Hayward Mayhan. By motion in limine #2, Defendants seek to exclude the declarations of these inmate witnesses as inadmissible hearsay. Fed. R. Evid. 801, 802.

Inmates Madrid and Mayhan will be transported and available for trial. As these inmates are proposed trial witnesses, Plaintiff may elicit any relevant testimony from them at trial and the declarations are unnecessary.

Accordingly, Defendants' motion in limine #2 is HEREBY GRANTED.

### E. Motion in Limine #3

Defendants ask the Court to exclude any testimony about other lawsuits in which they, or other officials employed by the California Department of Corrections and Rehabilitation, are named as defendants. Defendants also ask that Plaintiff and any of his witnesses be precluded from testifying about or inferring that Defendants are currently a party to any lawsuit, or that they have been in the past. Defendants contend that this testimony is not relevant and is therefore inadmissible. Fed. R. Evid. 401, 402. Defendants further contend that even if this testimony is relevant, it would improperly confuse the jury and its probative value, if any, is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

Plaintiff claims that both Defendants, but mainly Defendant Gonzales, have a history of assaulting inmates. To the extent Plaintiff generally intends to offer evidence that these Defendants or other CDCR officials have been sued, such evidence is of no consequence in determining whether or not Defendants used excessive force in this instance. Fed. R. Evid. 401(b). As discussed at the hearing, lawsuits in which any defendant or prison official was found not liable is probative of nothing and therefore irrelevant. Given the lack of relevance, general evidence regarding other lawsuits brought against Defendants or CDCR officials will not be permitted.

Accordingly, Defendants' motion in limine #3 is HEREBY GRANTED.

///

///

4

**F. Motion in Limine #4**

Defendants ask the Court to preclude Plaintiff from questioning them about any matters contained in their personnel records, including information of a personal nature, as well as any information concerning any disciplinary actions or complaints filed against them. Among other things, Defendants contend that any disciplinary actions or prisoner complaints against them are irrelevant to this case. Fed. R. Evid. 401, 402.

The Court finds that evidence of any disciplinary actions or other prisoner complaints against Defendants are irrelevant to this action because they necessarily will involve different facts and circumstances. Fed. R. Evid. 401, 402.

To the extent Plaintiff seeks to introduce evidence or testimony regarding disciplinary actions, complaints and investigations as character evidence, he may not do so. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1). However, this evidence may be admissible for another purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

"The Ninth Circuit has held that evidence may be admitted pursuant to 404(b) if '(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged.'" *United States v. Cherer*, 513 F.3d 1150, 1157 (9th Cir. 2008) (quoting in part *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002)). If evidence satisfies Rule 404(b), "the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." *Id.* The proponent of the disputed evidence bears the burden of demonstrating its admissibility under the foregoing test.

As discussed at the hearing, Plaintiff makes no showing that the evidence he intends to offer tends to prove a material point or is sufficient to support a finding that Defendants committed any prior bad acts. Plaintiff has not sufficiently demonstrated that any prior bad act or use of excessive force by Defendants occurred. Establishing such evidence likely would result in a mini-trial during

the course of testimony.  Plaintiff therefore has failed to meet his burden of proof pursuant to Rule 404(b).  Additionally, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Defendants, undue delay, confusion of the issues, and misleading the jury. Fed. R. Evid. 403.

Accordingly, Defendants' motion in limine #4 is HEREBY GRANTED.

### G.  Motion in Limine #5

Defendants seek to preclude evidence or testimony regarding settlement discussions.  Any attempt by Plaintiff to introduce evidence of settlement negotiations to prove liability is prohibited by Federal Rule of Evidence 408. *Green v. Baca*, 226 F.R.D. 624, 640 (C.D. Cal. 2005); Fed. R. Evid. 408.  As discussed at the hearing, Plaintiff may not call defense counsel as witness to question him about statements made in connection with this action.

Accordingly, Defendants' motion in limine #5 is HEREBY GRANTED.

IT IS SO ORDERED.

Dated:   **April 22, 2015**                   /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE