UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>L. GONZALEZ, et al.,<br><br>        Defendants. | Case No.: 1:09-cv-01264-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTIONS IN LIMINE<br><br>(ECF Nos. 144, 170) |

**I.**   **Introduction**

Plaintiff Anthony Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claim of excessive force in violation of the Eighth Amendment to the United States Constitution against Defendant Gonzales (erroneously sued as L. Gonzalez) and Defendant Murrieta arising out of an alleged assault following the takedown of Plaintiff by Defendant Gonzales on June 9, 2008. A jury trial is set for April 28, 2015.

Pursuant to the pretrial order, on March 23, 2015, Plaintiff filed his motions in limine in advance of trial. Defendants did not file an opposition. On April 15, 2015, Plaintiff filed additional motions in limine. Defendants again did not file an opposition. Plaintiff's motions for limine came on for hearing on April 21, 2015, before the Honorable Barbara A. McAuliffe, United States Magistrate

Judge. Plaintiff appeared telephonically on his own behalf. Timothy Delgado and Maureen Onyeagbako of the Attorney General's Office of California appeared telephonically on behalf of Defendants Gonzales and Murrieta. Having considered the moving papers, as well as the arguments of the parties, the Court issues the following order.

## II. Plaintiff's Motions in Limine

### A. Allegations at Issue

On June 9, 2008, Defendants Gonzales and Murrieta were escorting Plaintiff back to his cell from the law library. Defendants were trying to engage Plaintiff in conversation, making threats and using profanity. Defendant Gonzales began pulling on Plaintiff's left arm, telling him to speed up and walk faster. Plaintiff's hands were handcuffed behind his back and he was holding his legal mail. Plaintiff responded that he could not go any faster and that he was losing his grip on the envelope he was holding because Defendant Gonzales was pulling on his arm. Defendant Gonzales slammed Plaintiff to the ground with enough force that "Plaintiffs head was busted." (ECF No. 1, ¶ 17.) Plaintiff was struck by Defendants Gonzales and Murrieta numerous times before losing consciousness. When Plaintiff regained consciousness, Correctional Officers Beltran and Blevins escorted him to the medical clinic for treatment.

Plaintiff's claim is limited to the time period after the initial takedown by Defendant Gonzales and his allegations that Defendants Gonzales and Murrieta struck him numerous times before he lost consciousness.

### B. Motion in Limine: Standard

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury. *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. *Sperberg v. Goodyear Tire & Rubber, Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until trial when the judge can better estimate the impact of the evidence on the jury. *Jonasson*, 115 F.3d at 440.

### C. Plaintiff's Motion in Limine #1

Plaintiff raises an objection regarding Defendants' assertion that evidence concerning Plaintiff's dismissed claims is not admissible for any purpose. Plaintiff's objection is construed as a motion in limine to allow evidence and testimony concerning the entire incident of June 9, 2008, including the initial takedown by Defendant Gonzales.

As discussed at the hearing, the Court will not limit Plaintiff's testimony to events occurring only after the initial takedown. Rather, Plaintiff shall be permitted to provide factual evidence and testimony regarding the entire incident on June 9, 2008, including events before and after the initial takedown, in order to provide context to the jury. As Defendants raised no objection at the hearing, Plaintiff's motion in limine to allow evidence and testimony concerning the entire incident on June 9, 2008, including the initial takedown, is GRANTED.

### D. Plaintiff's Motion in Limine #2

Plaintiff objects to Defendants' assertion that evidence concerning Plaintiff's allegations against defendants that have been dismissed is not admissible for any purpose. Plaintiff's objection is construed as a motion in limine to allow evidence and testimony concerning the entire incident of June 9, 2008, including any persons involved in the incident before and after the initial takedown by Defendant Gonzales.

For the reasons discussed above, Plaintiff shall be permitted to provide context for the alleged assault on June 9, 2008. As Defendants raised no objection at the hearing, Plaintiff's motion in limine to allow evidence and testimony concerning the entire incident of June 9, 2008, including testimony

related to any persons involved in the incident before and after the initial takedown by Defendant Gonzales is HEREBY GRANTED.

### E.  Plaintiff's Motion in Limine #3

Plaintiff objects to Defendants' assertion that if Defendant Gonzales is medically unavailable for trial, then the relevant incident reports and business records Defendant Gonzales authored should be admitted into evidence.  (ECF no. 144, p. 2.)  Plaintiff's objection is construed as a motion in limine to preclude the introduction of incident and business records authored by Defendant Gonzales based on his unavailability for trial.

At the hearing, defense counsel represented that Defendant Gonzales will be present and available at trial.  Accordingly, Plaintiff's motion in limine to preclude the introduction of the relevant incident reports and business records authored by Defendant Gonzales based on his unavailability for trial is HEREBY DENIED as moot.

### F.  Plaintiff's Motion in Limine #4

Plaintiff objects to Defendants' assertion that Plaintiff's allegations of a knee injury sustained as a result of the initial takedown are irrelevant.   Plaintiff has not attributed his knee injury to the initial takedown.  Therefore, Plaintiff's objection is construed as a motion in limine to allow testimony regarding the injuries he sustained during the events at issue.

As stated at the hearing, Plaintiff will not be precluded from providing testimony regarding what happened and the injuries he sustained.  Accordingly, Plaintiff's motion in limine to allow testimony regarding the injuries he sustained is HEREBY GRANTED.

### G.  Plaintiff's Motion in Limine #5

Plaintiff objects to Defendants' request for attorneys' fees.  Plaintiff's objection is moot.  As stated in Defendants' pretrial statement and the Pretrial Order, Defendants do not intend to request attorneys' fees if they prevail at trial.  (ECF No. 20, p. 9; ECF No. 139, p. 12.)  Accordingly, Plaintiff's objection is HEREBY DENIED as moot.

///

///

### H. Plaintiff's Motion in Limine #6

Plaintiff requests that he be allowed to walk freely around the courtroom if defense counsel is allowed to do so. As explained at the hearing, Plaintiff cannot be permitted to walk freely around the courtroom based on security issues. Accordingly, Plaintiff's request is HEREBY DENIED.

### I. Plaintiff's Motion in Limine #7

Plaintiff requests that a United States Marshal be allowed to re-enact events that occurred with handcuffs on "behind Plaintiff's back to show Plaintiff could not turn fully around … and bump Defendant Gonzales in his chest." (ECF No. 144, p. 3.)

As an initial matter, Plaintiff's demonstration relates to the initial takedown by Defendant Gonzales, which is not at issue. It is therefore irrelevant to Plaintiff's allegations that Defendants assaulted him after the takedown. Fed. R. Evid. 401. Second, even if relevant, the probative value of such demonstration is outweighed by the danger of unfair prejudice to Defendants. Rule 403 of the Federal Rules of Evidence provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In this instance, the proposed demonstration would be inaccurate and prejudicial. Plaintiff's demonstration is dependent upon the positioning and size of the involved parties, which cannot be recreated in the courtroom with a United States Marshal. Although the demonstration will not be permitted, Plaintiff may describe what happened and question witnesses regarding what happened and how it happened.

Accordingly, Plaintiff's motion in limine for a re-enactment of events with the assistance of a United States Marshal is HEREBY DENIED.

### J. Plaintiff's Additional Motions in Limine

On April 15, 2015, Plaintiff filed additional motions in limine seeking to preclude introduction of certain defense exhibits, including an abstract of judgment (DX-1); a 115 RVR Hearing Report (DX-2); a Crime/Incident Report (DX-3); and certain of Plaintiff's Health Care Service Request forms (DX-5).

**DX-1**

Defense exhibit DX-1 is an Abstract of Judgment for Plaintiff Johnson, which shows that he was convicted of attempted murder in November 2005 and sentenced to life in prison with the possibility of parole. Plaintiff argues that this exhibit serves no purpose.

Federal Rules of Evidence 608 and 609 provide that evidence of a witness' prior felony conviction may be used to impeach that witness' testimony.

Defendants represented that they would not attempt to enter the abstract of judgment into evidence unless Plaintiff denies that he is a convicted felon. As discussed at the hearing, Defendants will not be allowed to introduce evidence of the substance of the Plaintiff's conviction at trial. However, evidence of Plaintiff's prior felony conviction may be used as impeachment evidence. Fed. R. Evid. 609. Accordingly, Plaintiff's motion in limine is GRANTED IN PART and DENIED IN PART. Defendants may not introduce the substance and charges underlying Plaintiff's conviction. However, Defendants may introduce evidence that Plaintiff is a convicted felon.

**DX-2, DX-3 and DX-5**

Defense exhibit DX-2 is a Rules Violation Report ("RVR") against Plaintiff for battery on a peace officer related to the events of June 9, 2008. Defense exhibit DX-3 is a Crime/Incident Report regarding the events on June 9, 2008. Defense exhibit DX-5 consists of Plaintiff's Health Care Services Request Forms.

As discussed at the hearing, the Court DEFERS ruling on the admissibility of these exhibits until the time of trial.

IT IS SO ORDERED.

Dated:   **April 22, 2015**              /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE