# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTHONY JOHNSON,

        Plaintiff,

vs.

L. GONZALEZ, et al.,

        Defendants.

Case No. 1:09-cv-01264-BAM PC

ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(a)

(ECF No. 194)

**I.  Background**

Plaintiff Anthony Johnson ("Plaintiff"), a state prisoner, proceeded pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Gonzales and Murrieta for excessive force in violation of the Eighth Amendment of the United States Constitution. The parties consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 7, 120.) A jury trial was held on April 28 and 29, 2015. The jury reached a unanimous verdict in favor of Defendants Gonzales and Murrieta, and judgment was entered on April 29, 2015.

On May 7, 2015, Plaintiff moved for a new trial pursuant to Federal Rule of Civil Procedure 49. Plaintiff contends that a new trial is warranted because the jury's verdict goes

against the weight of the evidence presented at trial. (ECF No. 194.) Defendants did not file an opposition; the motion is deemed submitted. Local Rule 230(l).

**II.    Motion for New Trial**

**A.    Standard of Review**

The Court may grant a new trial on all or some of the issues "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The district court has "considerable discretion in granting or denying the motion." *Jorgensen v. Cassiday*, 320 F.3d 906, 918 (9th Cir. 2003). A district court's denial of a motion for new trial will not be overturned "absent a clear abuse of discretion," i.e., "only where there is *an absolute absence of evidence* to support the jury's verdict." *Desrosiers v. Flight Int'l of Florida Inc.*, 156 F.3d 952, 957 (9th Cir. 1998) (quoting *Pulla v. Amoco Oil Co.,* 72 F.3d 648, 656-57 (9th Cir. 1995), (when district court balances and weighs evidence based on proper legal standards, denial is "virtually unassailable").

**B.    Discussion**

Plaintiff argues that the verdict is against the weight of the evidence presented at trial. While substantial evidence supporting the verdict bars a judgment as a matter of law, the Court may grant a new trial if, in its view, the verdict is against the clear weight of the evidence. *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987). In considering a motion for a new trial, the verdict is not presumed correct and the court need not view the evidence in the light most favorable to the party in whose favor the verdict was rendered. Id. at 1371. The court must weigh the evidence and assess for itself the credibility of witnesses and may set aside the verdict of the jury even though supported by substantial evidence. *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990). A new trial may be granted if "the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice." *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001).

The Court finds that, based on the totality of the evidence, the jury verdict was not against the clear weight of the evidence. In his motion, Plaintiff focuses on evidence of his

injuries, inconsistent statements from defense witnesses, testimony from his incarcerated witnesses and his own testimony. (Doc. 94 at 5-7.) Plaintiff's focus on inconsistencies and the testimony proffered in support of his case alone is misplaced and ignores evidence that the jury may have considered. The jury heard two days of testimony, saw more than a dozen exhibits and heard testimony from ten different witnesses. The jury was entitled to weigh the evidence and consider the credibility of witnesses. Based on these considerations, and the evidence presented during the jury trial, the Court is not "left with the definite and firm conviction that a mistake has been committed." *Landes Const. Co., Inc.*, 833 F.2d at 1371-72.

The jury could have concluded reasonably that Defendants did not use excessive force following the takedown of Plaintiff by Defendant Gonzales. In particular, Officer Murrieta testified that he did not observe any force by Officer Gonzales. Officer Murrieta further testified that Plaintiff began to kick and twist his body side to side while on the ground and, at that point, Officer Murrieta maintained control of Plaintiff's legs, while Officer Gonzales maintained control of Plaintiff's upper body. Likewise, Officer Gonzales testified that after Plaintiff was on the ground, Plaintiff was wiggling his upper body and kicking his legs and Officer Gonzales then put his left hand on Plaintiff' shoulder and his right hand on the small of Plaintiff's back and held him down. Officer Gonzales denied beating Plaintiff while he was on the ground and did not see Officer Murrieta beat Plaintiff on the ground.

Although Plaintiff testified that after he was thrown on the ground both defendants started punching him and he went unconscious, the clear weight of the evidence does not necessarily resolve the excessive force claim in his favor. For example, Plaintiff's own witness, Inmate Madrid, admitted that he did not see any punches landed on Plaintiff while he was on the ground. Similarly, another of Plaintiff's witnesses, Inmate Mayhan, admitted that he could not really see what was happening to Plaintiff.[1] Additionally, Officer Edward Beltran testified that when he responded to the incident, Plaintiff was conscious with no noticeable injuries. Officer Keith Blevins also testified that Plaintiff was conscious after the incident and had only

---

[1] Defendants also proffered testimony and exhibits demonstrating that Inmates Madrid and Mayhan were not on the yard the day of the incident.

superficial injuries.  Further, LVN Reed provided testimony that the only injuries to Plaintiff were scratches, consistent with someone who may have fallen on gravel.  Exhibit DX4/PX16 documented LVN Reed's findings on examination, showing abrasions and scratches on Plaintiff's knees, his right temple and the right side of his cheek.  LVN Reed also testified that when she evaluated Plaintiff, she did not notice any signs of Plaintiff having been punched or beaten.  Based on the evidence presented, the jury could well have believed that Defendants Murrieta and Gonzales did not use excessive force while Plaintiff was on the ground and that Plaintiff did not sustain injuries consistent with a use of excessive force.

Much of what Plaintiff now argues deals with conflicting evidence.  The jury was well within its province to determine which evidence was correct based on credibility determinations.  It was not unreasonable for the jury to believe Defendants and their witnesses instead of Plaintiff and his witnesses.  The jury was instructed that they may accept some of the witness' testimony, all of it or none of it.  Plaintiff does not demonstrate that the jury verdict is against the clear weight of the evidence or was based on prejudicial and impermissible evidence.  On the contrary, admissible and relevant evidence supports the jury's verdict on Plaintiff's claim of excessive force.  Accordingly, Plaintiff's motion for a new trial shall be denied.

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's motion for a new trial, filed on May 7, 2015, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **October 7, 2015**              /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE